## John L. Eldridge *vs.* William H. Hawley.

Suffolk. March 6. — August 17, 1874. Wells & Endicott, JJ., absent.

In an action on a promissory note given with others in settlement of a partnership account, the sum due from the defendant in settlement was in dispute. A witness for the plaintiff testified as to the amount, that it was made up from the books of the firm, which were referred to at the settlement, but that he could not recollect the items, or how it was made up, and that the books were in his possession. He was then requested by the defendant's counsel to produce the books the next day, but failed to do so. *Held*, that the defendant's counsel had a right to argue to the jury upon the absence of the books ; and that an instruction at the plaintiff's request, "that inasmuch as the books are not in the custody of the plaintiff, no inference is to be drawn from the non-production of the books, it being in the power of either party to summon the witness with the books," was erroneous.

It is within the power of the presiding judge at a jury trial to withdraw or reverse, without the consent of the parties to the suit, an instruction or ruling given in the course of the trial.

If the judge presiding at a trial withdraws an instruction which has been given to the jury, he should do so in so distinct a manner as to leave no doubt in their minds as to the law applicable to the question before them.

The judge presiding at a jury trial gave, at the request of the plaintiff, an erroneous instruction, and the defendant excepted. The plaintiff then waived the instruction; and the judge said: "If the party declines to receive it, I will leave that matter as it stands before the jury." *Held*, that the jury were not sufficiently instructed to disregard the instruction given, and that, as the matter about which the instruction was given was one of fact for them to consider, the jury should have been so instructed.

CONTRACT on a promissory note, signed by the defendant, payable to Parker L. Riggs, and indorsed, after maturity, to the plaintiff. At the trial in the Superior Court, before *Devens, J.,* the jury returned a verdict for the plaintiff, and the following bill of exceptions was allowed :

" It was in evidence that the defendant, the payee, Riggs, and Francis Burr, were partners in business, under the name of Hawley, Burr & Riggs ; that subsequently Riggs withdrew from the partnership ; that upon such withdrawal there were certain sums due Riggs for money advanced in the business by him, which the plaintiff contended amounted to $1600, and that this note was among others given in settlement of the defendant's share of this indebtedness. The defendant denied that the sum due amounted to $1600, and testified that the true sum would appear from the books, and that these notes were subsequently

obtained from him by fraud, and were without consideration. The plaintiff introduced said Burr as a witness in his behalf, who tes⋅ tified that the sum found due at the settlement was $1600; that said sum was made up from the books of the firm, which were referred to at the settlement, but he could not recollect the items, or how it was made up; and upon his examination in behalf of the defendant, he testified that said books of account were in his possession at the present time; the defendant's counsel requested him, before the afternoon adjournment, to produce those books the next day, before the close of the trial, but the said books were not produced by any one, and the defendant's counsel argued to the jury upon the absence of those books.

" At the conclusion of the charge, upon the plaintiff's request, the court ruled ' that inasmuch as the books are not in the custody of the plaintiff, no inference is to be drawn from the non-production of the books, it being in the power of either party to summon the witness with the books.' The defendant's counsel then stated that he notified the witness while upon the stand to produce them. In reply to which the plaintiff stated that he contended that notice pending the trial was not a sufficient notice. The defendant's counsel excepted to the ruling. The plaintiff then said, ' I will waive the instruction.' And the court said, ' If the party declines to receive it, I will leave that matter as it stands before the jury.' " The defendant excepted to the above ruling.

*I. Knowles, Jr.,* for the defendant.

*J. L. Eldridge,* for the plaintiff.

DEVENS, J. The ruling of the judge who presided at the trial, at the close of his charge, in reply to the request of the plaintiff, that, inasmuch as the books were not in the custody of the plaintiff, no inference was to be drawn from their non-production, it being in the power of either party to summon the witness with the books, was not correct, considered as a legal proposition. Whether an inference should properly have been drawn from such non-production, either against the theory of the plaintiff, (which was that the sum of sixteen hundred dollars was due upon a settlement made upon the basis of the various items as exhibited by the books of the firm of which the defendant and the payee of the note had been members,) or against

the credibility of the witness who had testified as to the balance due according to the books, but who had failed to produce them upon the request of the defendant, was a question of fact for the jury.   The instruction is not a statement that no legal inference arises from the non-production of the books, which would leave the jury free to draw such inferences in fact as they thought they were justified in doing by all the circumstances, but, as presented to us by the exceptions, must be deemed a statement that as matter of law no inference was to be drawn from their non-production.   As in this form the instruction was erroneous, there should be a new trial, unless the error was cured by what took place afterwards.

After the defendant's counsel excepted to this ruling, the plaintiff's counsel withdrew the request for it, by saying that he would " waive this instruction."   It is contended by the defendant that as the instruction was once given, it was not in the power of the court to withdraw it without the assent of the defendant. This position is, however, manifestly untenable.   It must sometimes happen in the course of nisi prius trials, by reason of the brevity and rapidity with which questions of law are necessarily discussed in the presence of the jury, that evidence is admitted, which, on reflection, the judge at a later stage of the trial determines to have been improperly admitted; so also that rulings in matters of law are made which he afterwards desires to modify or even reverse.   To deprive him of the power, without the consent of parties, of striking out such evidence, modifying or even reversing a ruling which he deems erroneous, would seriously diminish his power of conducting the trial with the advantage of all the deliberation which can properly be used.   It has therefore been heretofore held that this power did exist and might properly be exercised, and that where evidence was so struck out or instructions modified, it must be deemed that the jury acted upon the evidence as finally submitted and the instructions as finally given.   *Hawes* v. *Gustin*, 2 Allen, 402.

When, however, incompetent evidence has been admitted which is struck out, or an erroneous ruling made which is reversed, it is the right of the party who has excepted to such evidence or ruling and is liable to be injured thereby, to have it made clear that in some proper form the jury were instructed to

disregard such evidence or ruling, so that, assuming them to have been guided by the directions of the court, it may fairly be presumed that it was disregarded, and no injury occasioned thereby. The question is then whether the ruling was so distinctly withdrawn that we can say that the party objecting to it could not have been affected thereby : if there is any ambiguity upon this matter, there should be a new trial. The remark of the judge in response to the statement of the plaintiff that he waived the instruction, that "if the party declines to receive it, I will leave the matter as it stands," may undoubtedly be interpreted to mean that the ruling given in response to the request of the plaintiff might be disregarded, as such request was withdrawn, and was probably so intended; but is not expressed with the precision and clearness that the occasion demanded. It does not necessarily give the jury so to understand, nor inform them that what he had previously said was in no way to form the basis of their decision, nor does it recall them, as it should have done, to the consideration that the question on this point was solely one of fact for them. As we cannot say but that they were still misled by the ruling we. deem to have been erroneous, there should therefore be a new trial. *Exceptions sustained*