MARTIN HAYES *vs.* THOMAS KELLEY.

Suffolk.   November 13.— 16, 1874.   WELLS & DEVENS, JJ., absent.

Where the plaintiff introduces an auditor's report in evidence, to the admission of which the defendant objects, it is within the discretion of the presiding judge to allow the plaintiff afterwards to withdraw the report from the consideration of the jury.

Where evidence is put in under an objection, and the judge permits the party putting in the evidence to withdraw it, a refusal to give instructions which are only appropriate on the theory that the evidence is in the case is not a ground of exception.

Where a bill of goods sold is presented to a purchaser, his conduct may be such as to warrant the jury in drawing the inference of an admission that the bill is accurate and actually due, although he says nothing to that effect.

CONTRACT on an account annexed, for lime, sand and hair furnished the defendant.

At the trial in the Superior Court, before *Brigham*, C. J., the plaintiff's counsel offered the report of an auditor in evidence. The defendant objected to the reading of the report to the jury; but the judge overruled the objection and permitted it to be read to the jury, to which the defendant excepted. The defendant, who was called by the plaintiff as a witness, testified that he told the plaintiff that the bills which had been rendered to him were incorrect, and that he had handed some of them back to the plaintiff's clerk and book-keeper for correction; that he had no means of telling what amount of materials, as charged by the plaintiff, had been actually delivered to him, as the plaintiff dealt with others who worked on the same streets with himself, and in similar business, some of whom bore the name of Kelley. The plaintiff's book-keeper testified that he made the entries on the books, but knew nothing of the delivery of any portion of the items charged in the account, and that the only means of information he had was that obtained from the several teamsters who delivered articles during the day. The plaintiff's books of account were not put in evidence before the jury, although it appeared from the auditor's report that they were introduced before him, and that by them the account was, in some material respects, different from the account in suit.

At the close of the plaintiff's evidence, the plaintiff's counsel said he should not rely upon the auditor's report, but desired to withdraw it; and its withdrawal was allowed by the judge, to which the defendant excepted.

There was evidence tending to show that these bills had, from time to time, been rendered to the defendant; to one of which he objected that he had not credits upon it for all his payments; and in another instance he told the person presenting the bill to leave it in a closet there, and when he got ready he would see about it, and that he never returned that bill. The judge instructed the jury that when a bill of particulars was presented to a party, his conduct might be such, without his using any language to that effect, as to warrant the jury in finding such conduct to be an admission that the bill was accurate and was actually due.

The defendant asked the judge to give the following instructions to the jury:

" 1. The proof of the entries on the plaintiff's books, by the clerk who made them, is not sufficient proof of a sale and delivery of the items so charged. But where others delivered articles so entered, the persons so delivering them should be called to prove the delivery."

" 2. If a book was used on which the items were entered originally and then copied upon the day-book, such book containing the original entries must be produced. The fact that bills were rendered cannot be considered as proof of the sale and delivery of the articles charged, and has no tendency to prove a sale and delivery, the burden of proof being upon the plaintiff to prove the sale and delivery."

The judge declined to give these instructions. The jury found a verdict for the plaintiff for the full amount of his bill and interest thereon, and the defendant alleged exceptions.

*H. L. Hazelton,* for the defendant.

*S. J. Thomas,* for the plaintiff.

GRAY, C. J. The defendant not having offered the auditor's report in evidence, but having objected and excepted to its admission when offered by the plaintiff, it was within the discretion of the presiding judge to allow the plaintiff to withdraw it from the consideration of the jury. *Eldridge* v. *Hawley,* 115 Mass. 410. The auditor's report being withdrawn, and the plaintiff's books of account not having been introduced, the instructions requested by the defendant were immaterial. The evidence as to the defendant's conduct in regard to the bills rendered to him by the plaintiff was submitted to the jury with appropriate instructions. *Exceptions overruled.*