JOSEPH FOLSOM vs. CLEMENT R. GRANT.

Suffolk. Jan. 14. — Feb. 28, 1884. C. ALLEN & HOLMES, JJ., absent.

In an action upon a promissory note, if the plaintiff's evidence tends to show that a "pass-book" kept by the plaintiff, which contained a statement of an account against the defendant, had been in the defendant's possession, and that it was shown to him at the time the note in suit was given, in settlement of the balance which appeared to be due by it, the book is admissible in evidence.

CONTRACT upon a promissory note, made by the defendant, and payable on demand to the plaintiff or order. Trial in the Superior Court, before *Knowlton*, J., who allowed a bill of exceptions, in substance as follows :

George W. Folsom, a witness called by the plaintiff, testified that the note in suit was given by the defendant, in payment of an account against him in favor of the plaintiff, which he (the witness) was authorized to collect; that he went to the defendant's place of business to collect the account, having in his pocket at the time a book containing a statement of the account against the defendant. The witness called the book a " pass-book," and said that it had been given him by the plaintiff; and further testified as follows: " I took out the pass-book and looked at the account; I do not remember his taking it in his hand. . . . . I took the pass-book out and showed it to him; I do not remember that he looked at it; I showed him this pass-book."

Upon cross-examination, this witness testified that he stood about twelve feet from the defendant while talking with him, and that he did not come nearer than that to him with the book, and he was not sure that he took the book out of his pocket; that he wrote the note with his pencil, and handed the pencil to the defendant to sign it; and that, when he showed him the book, he gave him an opportunity to examine it if he wished to, and he never presented any other account than this pass-book.

One Thorndike, called by the plaintiff, testified that he was employed to keep the plaintiff's books at the time when the entries were made in the pass-book; that the first entry was brought forward from a former pass-book, and the rest copied

from a day-book; that he could not state when he made the copied entries in the pass-book, or whether he made them all at one time or at different times, but it was about the time of the dates of the entries.

The plaintiff testified in his deposition that the defendant had a pass-book all the time; that the goods were being delivered and the account was running; that when the pass-books were full, the accounts were brought forward on to new ones, and the defendant kept the former; that when the defendant quit trading, his last pass-book happened to be at the plaintiff's shop; that he called the defendant's attention to the account due the plaintiff, and the defendant said that, as soon as his things were sold by auction, he would come up and settle with the plaintiff, and pay his bill; that the defendant asked the plaintiff how much it was, and the plaintiff told him; that the defendant paid him ten dollars at that time, as he thought; and that this last pass-book, which showed the standing of the account, he delivered to the witness Folsom in September, 1880.

The defendant testified that he never saw this pass-book before the trial; that it had never been shown him, and that its contents had never been stated to him; that the plaintiff had never presented any statement of account to him, and had never made any demand for the payment of any account of him.

The items of the account contained in the pass-book were not disputed, but the sole controversy upon this part of the case was whether the debt was originally the debt of the defendant or of his father.   Upon the outside of the cover of the pass-book were written these words: " Mr. C. R. Grant, in account with Joseph Folsom."

The plaintiff, in connection with the direct testimony of Folsom, offered the pass-book in evidence to show the dealings and account between the plaintiff and the defendant.

The defendant thereupon duly objected to the admission of the pass-book, on the ground that it was incompetent; that it was not a book of original entry; that it was a copy, and its contents could not be admitted in evidence as an admission by the defendant of an account against him.   The judge admitted the book in evidence.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*G. Sheffield*, for the defendant.

*J. H. Hardy*, for the plaintiff.

MORTON, C. J. The " pass-book " kept by the plaintiff was not admissible as original and independent evidence in his favor. *Field* v. *Thompson*, 119 Mass. 151. But the evidence of the plaintiff tended to show that the pass-book had been in the possession of the defendant, and that it was shown to him at the time the note in suit was given in settlement of the balance which appeared to be due by it. The book, in connection with this evidence, was competent, the whole transaction being in the nature of an admission by the defendant that the goods specified on the pass-book were properly charged to him. The weight of the evidence was for the jury. *Earle* v. *Reed*, 10 Met. 387. *Hayes* v. *Kelley*, 116 Mass. 300.    *Exceptions overruled.*