BENJAMIN F. STURTEVANT *vs.* LESTER WALLACK.

Suffolk.   Nov. 11, 1885. — Feb. 24, 1886.   DEVENS & GARDNER, JJ., absent.

In an action for the price of certain machinery, it appeared that the machinery was constructed by the plaintiff and sent to the defendant, who was erecting a building, by the order of A., who had a contract with the defendant for heating and ventilating the building; and the question at issue was whether A. was authorized by the defendant to order the machinery from the plaintiff on the defendant's account. A. was a witness for the plaintiff; and there was conflicting evidence upon the questions whether the machinery was included in the contract between A. and the defendant, and whether the machinery was embraced in a suit and settlement between A. and the defendant. Neither party produced the record of that suit in the present action. The defendant asked the judge to rule that it was incumbent on the plaintiff to produce evidence of what was the subject of that suit, and the absence of such evidence was to be weighed as affecting and discrediting the testimony of A. The judge declined so to rule; and instructed the jury that, where a party knows that evidence is likely to be introduced at a trial inconsistent with his own claim, and, if his claim is well founded, it is in his power to produce other evidence which will control that brought against him, his failure to produce such other evidence should be considered as a circumstance against him; and left it to them to say whether this principle applied to the conduct of either party in this action. *Held,* that the defendant had no ground of exception.

In an action for the price of certain machinery to be used in a building erected by the defendant, ordered from the plaintiff by a third person, whose authority to order the machinery on the defendant's account is the question at issue, evidence that the cases in which the machinery was packed were distinctly marked with the defendant's name and address, in connection with evidence of the sending by the plaintiff of bills of parcels to the defendant, followed by letters demanding payment, to which no reply was made by him, and by a sight draft, which was returned unpaid, is properly submitted to the jury.

CONTRACT, upon an account annexed, for the price of an engine and fan. Trial in the Superior Court, before *Knowlton*, J., who allowed a bill of exceptions, in substance as follows:

It appeared that the engine and fan were constructed by the plaintiff and sent to the defendant, who was building a theatre in New York City, by the order of one Frederick Tudor, who had a contract with the defendant for heating and ventilating his theatre. The question at issue was, whether or not Tudor was authorized by the defendant to order said goods from the plaintiff, on the defendant's account. The contract with Tudor was partly by a written proposal, and was completed by terms expressed in oral negotiations; and the evidence was conflicting upon the question whether the articles in suit were included in the terms comprising said contract. Subsequently, controversies arose between Tudor and the defendant as to the fulfilment of his contract, and suits were brought by Tudor in New York for the recovery of the sums claimed by him to be due under said contract. These suits were settled at the office of the attorneys of Tudor in New York; and there was conflicting evidence as to whether the articles furnished by the plaintiff were embraced in and made the subject of these suits, and included in the settlement, or not. Tudor was a witness at this trial for the plaintiff. Neither party produced the record of these suits; but the evidence of the witnesses on each side as to what was embraced therein was not objected to, and was admitted.

The defendant asked the judge to instruct the jury, that, "if, in the settlement made by Tudor with his attorneys in New York, with the agent of the defendant, a release was drawn excluding the engine and fan, which are the subjects of this suit, and this release was rejected, and a general release was drawn and signed afterwards, the duty is incumbent on this plaintiff to produce the evidence of what was the subject of this suit, or the

absence of the schedule and the particulars of that claim must be weighed as affecting and discrediting the testimony of Tudor." The judge declined so to rule, but instructed the jury that, where a party knows that evidence is likely to be introduced at a trial inconsistent with his own claim, and, if his claim is well founded, it is in his power to produce other evidence which will control that brought against him, his failure to produce such other evidence should be considered as a circumstance against him ; and left it to them to say whether this principle was applicable to the conduct of either of the parties in this case.

It appeared that the plaintiff, as soon as he had constructed the machinery for which he sued in this action, packed the same in cases which were distinctly marked "Lester Wallack, New York City," and shipped it to the defendant, where the articles were received and put into said theatre; that he forwarded a bill of parcels of the same, made out to the defendant upon one of his printed bill-heads, as a purchase from him, and, on the first of the following month, sent a statement of account, upon a printed heading, in which the defendant was charged as indebted to the plaintiff for the amount corresponding to the previous bill of items ; that he afterwards sent another letter, demanding payment, and then sent a sight draft, which was returned unpaid, and also wrote another letter to the defendant, making demand of payment; and that the defendant made no reply to either of these communications.

The judge instructed the jury that they might consider the marking and sending of these cases, as testified to, the sending of the bill, the statement of account, and the letters and draft, and the absence of any reply, with a view to determining whether the circumstances were such as would naturally have called for a reply from the defendant, if the order of the articles on his account had not been authorized by him ; and whether the defendant's conduct indicated that such authority had been given. The defendant asked the judge to modify these instructions by omitting or qualifying so much as related to the marking of the cases, which he contended was not entitled to any weight, and was not to be considered by the jury ; but the judge declined to qualify these instructions, and also gave proper instructions, not excepted to, as to the burden of proof in the case.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*A. Russ*, for the defendant.

*H. D. Hyde*, for the plaintiff.

HOLMES, J. 1. The evidence that the engine and fan had been embraced in a suit and settlement between Tudor and the defendant seems to have been admitted as tending to contradict Tudor's testimony in the present case, which, as we understand it, was to the effect that he ordered them in the defendant's name, and by his authority, in which case, of course, Tudor would have had no claim upon the defendant in respect of them. If we are to infer that a part of the evidence introduced for this purpose was that a release was drawn, excluding the engine and fan, that this was rejected by the defendant, and that a general release was drawn and signed afterwards, this, of course, would tend to show that, at that time, Tudor was understood to make a claim in respect of them, and might lead to the inference that they were embraced in his suit. But it could not be said to lead to the latter inference as matter of law, or to make it the plaintiff's duty to produce the record of the Tudor suit. The record was equally accessible to both parties, and, if the inference sought to be established by the defendant was true, would have helped him as much as, in the other event, it would have helped the plaintiff. Secondary evidence of the contents of the record was put in by both sides, without objection. It was for the jury to say what inference, if any, they would draw from the failure to produce a certified copy. See *Eldridge* v. *Hawley*, 115 Mass. 410. If the court was called on to select a piece of evidence for comment at all, which seems to have been competent only by way of contradicting a witness, the instructions given seem to us entirely correct.

2. The fact that the engine and fan were shipped at once to the defendant, distinctly marked with his address, was properly left to the consideration of the jury, in connection with the other circumstances of the repeated sending of bills to him, the letter demanding payment, and the draft, coupled with the fact that the defendant made no reply. We do not say that the marking of the cases alone would have been evidence against the defendant, and we readily admit that it is not every charge, however expressly made, that calls for an answer. *Percy* v. *Bibber*, 134

Mass. 404. *Commonwealth* v. *Eastman,* 1 Cush. 189, 215. *Commonwealth* v. *Harvey,* 1 Gray, 487, 489. *Commonwealth* v. *Kenney,* 12 Met. 235, 237. But when a charge is of such a kind that, according to common experience, a man would naturally repudiate it if unfounded, the fact that it was made and not repudiated may be left to the jury. We cannot say that it might not have been found properly, that, if the defendant had denied Tudor's authority to charge him with the machinery, he would naturally have written to the plaintiff that he was sending his bills to the wrong man, and must look to Tudor. *Commonwealth* v. *Kenney,* and *Commonwealth* v. *Harvey, ubi supra. Hayes* v. *Kelley,* 116 Mass. 300. And this evidence having been admitted, as it was, without objection, all the circumstances, including the marking of the cases, were to be considered by the jury.

*Exceptions overruled.*