MARY A. GRAHAM *vs.* CHARLES HOUGHTON.

Suffolk. February 2, 1891. — February 27, 1891.

Present: FIELD, C. J., C. ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Sale of Stock — Evidence for Jury.*

In an action to recover the price of shares of stock, alleged to have been sold by the plaintiff to the defendant, the plaintiff's evidence showed that she originally bought the stock of the defendant, who then agreed to buy it back again for the same price; that afterwards she asked him to take it back, and, upon his saying that he would arrange to take it, delivered it to him, and received from him a paper writing setting forth his agreement " to dispose of and turn into cash " the stock as soon as possible, and " to get for her the amount she paid for it "; that subsequently he stated to her that " he had decided to take the stock himself, and would have the money in a few days," to which she "made no objection"; and that thereafter she repeatedly asked him for the money, and he as often told her that he would soon have it ready for her; and that he had never paid her for the stock. *Held,* that the evidence was sufficient to warrant a jury in finding for the plaintiff.

CONTRACT. The first count of the declaration was on an account annexed to recover the price of twenty shares of stock alleged to have been sold by the plaintiff to the defendant. Writ dated September 24, 1889. At the trial, in the Superior Court, before *Thompson,* J., the plaintiff's evidence tended to show the following facts.

The plaintiff bought of the defendant twenty shares of the capital stock of the Highland Slate Manufacturing Company, in June, 1887, and paid him $2,000 therefor. The defendant said to the plaintiff, before she bought the stock, that if at any time she wanted her money he would give it to her together with interest, and take the stock back, as he would be only too glad

to get it. On March 19, 1889, the defendant, in reply to a communication from the plaintiff asking him to take the stock, wrote to her, "If you will bring in your certificate of stock in the Highland Slate Company I will arrange to take it." On March 25 following, the plaintiff delivered the stock to the defendant, who said that he was only too glad to get it back; and that he expected the money in a few days, and as soon as he got it he would let the plaintiff have it. At his request, the plaintiff wrote her name on the back of the certificate, and the defendant then stated, that, if plaintiff could not call in a few days for the money, he would send it to her by check. At the same time the defendant wrote, signed, and gave to the plaintiff the following paper: "March 25, 1889, Received of Mrs. Mary A. Graham certificate for twenty shares of stock of the Highland Slate Manufacturing Company, which I agree to dispose of and turn into cash as soon as possible; and I agree to get for her the amount she paid for it, and interest from the time she took it, September 28, 1888."

In May or June, 1889, the defendant stated to the plaintiff that he had decided to take the stock himself, and would have the money in a few days, to which the plaintiff made no objection. The plaintiff thereafter repeatedly saw the defendant, and demanded the money for the stock, and on each occasion the defendant said he would have the money ready in a few days, and at the last interview, in June, 1889, the defendant told her that he would have the money sure by July 1, 1889, on which date she saw him for the last time, and asked him for the money, but did not get it.

The defendant requested the judge to rule, that the plaintiff could not prevail on the first count; but the judge refused so to rule, and submitted the case to the jury on that count.

The jury returned a verdict for the plaintiff for $2,263.10; and the defendant alleged exceptions.

*C. H. Drew*, for the defendant.

*A. M. Lyman & E. I. Smith*, for the plaintiff.

LATHROP, J. The only question presented by this bill of exceptions is whether there was any evidence which would warrant the jury in finding for the plaintiff on the first count of the declaration.

The defendant contends that the paper writing of March 25, 1889, shows that the defendant did not agree to purchase the stock, but to act as the plaintiff's agent in disposing of it. Assuming this to be so, there was abundant evidence to show that this arrangement was subsequently abandoned by mutual assent.

The defendant next contends, that the statement in the bill of exceptions, that "in May or June, 1889, defendant stated to plaintiff that he had decided to take the stock himself, and would have the money in a few days, to which the plaintiff made no objection," shows at most a proposition made by him unaccepted by her, and also shows no price fixed for the stock. The jury were warranted in finding, from the conduct of the parties at the time and subsequently, that the plaintiff did assent to the proposition, and that the defendant so understood it. *Hayes* v. *Kelley*, 116 Mass. 300. No question can arise as to the price. When the defendant originally sold the shares of stock to the plaintiff, he agreed to buy it back at a fixed price. By the paper of March 25, the same price was named. When the defendant subsequently agreed to take the stock himself, and to pay the money in a few days, it would be a fair inference that he agreed to pay the only price which had been named between them. His subsequent promises to pay "the money" also show that the price was well understood.

*Exceptions overruled.*

