BERTHA MINERAL COMPANY *vs.* ALVIN T. MORRILL.

Suffolk.    March 8, 1898. — May 19, 1898.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Contract — Agency — Evidence — Admissions.*

At the trial of an action of contract for the price of goods sold to the defendant upon a verbal order given by his agent, evidence as to how the goods were directed is admissible, not only in proof of the delivery of the goods, but, in connection with the bill for the goods and the correspondence of the parties, as an admission by the defendant.

At the trial of an action for the price of goods sold to the defendant in October, 1895, there was evidence tending to show that they were sold to him as receiver of the company on the verbal order of an agent; that as such receiver he had previously purchased like goods of the plaintiff; that the goods were shipped to him as receiver, and letters were sent to him addressed " A. T. M., Receiver C. & K. Co.," asking for "your check " and for settlement of "your account," to which he replied on paper headed " M. Brothers Company," promising payment and signing it "A. T. M." Payment having been delayed, the plaintiff again wrote, asking the defendant to " let us have your check by return mail." This was answered on paper of the " B. Manufacturing Company," of which, when the goods in controversy were ordered, the defendant was treasurer, and to which he had sold the assets of the C. & K. Company. A subsequent letter, signed by the B. Manufacturing Company was sent, saying, " We will send you a check on Saturday." The plaintiff replied that he knew nothing of the company, and looked to the defendant for payment. Subsequently a check for a partial payment was sent in a letter signed " B. Mfg. Co., A. T. M., Treas.," which stated that the company had always regarded this account as belonging to it as successor of the C. & K. Co., but added, " However, this is a matter of little importance." *Held,* that the jury were warranted in finding that the defendant was liable.

CONTRACT on an account annexed.    At the trial in the Superior Court before *Hammond,* J., the jury returned a verdict for the plaintiff, and the defendant alleged exceptions.    The material facts appear in the opinion.

*F. S. Hesseltine,* for the defendant.

*S. L. Whipple,* for the plaintiff.

HOLMES, J.    This is an action of contract for the price of some spelter.    The plaintiff has had a verdict and the case is here on exceptions to evidence, and to the refusal to direct a verdict for the defendant.    The defendant had been receiver of the Craighead and Kintz Manufacturing Company, and had

ordered spelter of the defendant before October, 1895, when the order was given out of which the controversy arises. It was given verbally, by a man who represented himself as the defendant's agent. The goods were shipped to the order of the defendant as receiver, and a statement of the account was sent to him. In January, February, and March, 1896, letters were sent to "A. T. Morrill, Esq., Receiver Craighead & Kintz Mfg. Co.," asking for "your check" in settlement, and for settlement of "your account." On April 1, the defendant answered on paper headed "Morrill Brothers Company," explaining his silence, and saying, "I will let you hear from me about the middle of next week." The signature was "A. T. Morrill." On the foregoing statement, plainly it would have been impossible to rule that there was no evidence of the defendant's personal liability. It was objected, to be sure, that evidence as to how the goods were directed was not admissible, but it properly was admitted, not only as a step in the proof of the delivery of the goods, but in connection with the bill and letters as evidence of an admission. *Sturtevant* v. *Wallack*, 141 Mass. 119, 122, 123.

The goods not having been paid for as promised in the defendant's letter of April 1, 1896, the plaintiff sent another letter on April 17, asking the defendant to "let us have your check by return mail." This was answered by the defendant on paper of the Ballardvale Manufacturing Company, a new company, as will be explained in a moment, and after two more letters a letter was written on June 3, signed by the new company, giving excuses and saying, "We will send you a check on Saturday." The next day the plaintiff replied, saying that it knew nothing of the company and looked to the defendant for payment. On June 8, the company, in a letter signed "Ballardvale Mfg. Company, A. T. Morrill, Treas.," sent a check for $600 on account, saying that the company always had regarded this account as belonging to it as successor of the Craighead & Kintz Co., but adding, "However, this is a matter of little importance." The defendant thus again, it would seem, admitting, as the presumptive composer of the letter, that the plaintiff, if it insisted, might look to him. The plaintiff never admitted that the defendant was not its debtor.

To meet this case the defendant testified that a new company, the Ballardvale Manufacturing Company, of which he became treasurer, was formed on July 27, 1895, and that on that day he sold the assets which he held as receiver to it through a third person. He also put in a letter dated July 18, notifying the plaintiff that he sold the assets on May 4, but that there had been a delay, and saying that he hoped the sale would be consummated that week. These facts perhaps may be assumed not to have been denied. The defendant further testified that he did not give any one authority to order these goods for him, or know that they had been sent or charged to him personally or as receiver. On the other hand, the plaintiff's agent testified that, as the defendant's letter spoke of delay, he supposed that the defendant wanted spelter on that account. It could not be ruled, as matter of law, that notice of a sale which was not yet consummated, and as to which there already had been unexpected delay, was notice that the defendant would not want any more spelter as receiver, and therefore would buy no more on his personal responsibility. Neither did the fact of the sale having been consummated make it impossible for him to order goods personally. It may have been a good ground for believing his denial of authority, but of that the jury were to judge. As against it there were the admissions implied by the correspondence, which warranted a finding that, if the defendant had not authorized the purchase in his name, he had ratified it. It is possible that he meant to give the new company the benefit of his name.

*Exceptions overruled.*