SERCOMBE–BOLTE MANUFACTURING COMPANY *vs.* JOHN P. LOVELL ARMS COMPANY.

Suffolk.   March 15, 16, 1898. — May 19, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Goods sold — Action — Finding.*

A., who was the agent of a corporation in a certain city, and also had the exclusive sale of B.'s bicycles in that place, asked B. to have "my tires" (meaning the tires made by the corporation) put on the wheels which he ordered, B. giving him credit for the tires, and said that for his own accommodation he would like to have the tires come from the corporation, and to have them charged to B., because he would like to keep the tire account separate.   Accordingly it was arranged that A. should send the goods from the corporation, billed by the latter to B., and that they should be credited to the corporation and be charged off by a draft of B. on A. in favor of the corporation, and the bicycles sent to A. were to be charged to him by B.; and this course of business was pursued.   Bills were sent by the corporation to B. without objection on the part of the latter, who, upon request by the corporation for payment, sent it a draft

in settlement of account, requesting that it be placed to his credit. *Held*, in an action by the corporation against B. for tires sold and delivered, that a finding for the plaintiff was warranted.

CONTRACT, upon an account annexed, for the price of bicycle tires sold and delivered. Trial in the Superior Court, without a jury, before *Richardson,* J., who found for the plaintiff, and, by agreement of the parties, reported the case for the consideration of this court. The facts appear in the opinion.

*A. Hemenway & E. B. Adams,* for the defendant.

*G. R. Nutter,* for the plaintiff.

HOLMES, J. This is an action for bicycle tires sold and delivered. The answer is a general denial. The judge found for the plaintiff on the evidence and pleadings, and the only question before us is whether the finding was warranted as matter of law. There is no doubt that the defendant had the goods, but it contends that it bought them of one Sercombe, with whom the general course of dealing was arranged. Sercombe was the secretary and agent of the plaintiff in Milwaukee, and also had the exclusive sale of the defendant's bicycles in the same place. At the beginning of the year 1893, Sercombe asked the agent of the defendant to have " my tires " (meaning the tires made by the plaintiff) put on the wheels which he ordered, the defendant giving Sercombe credit for the tires, and said that for his own accommodation he would like to have the tires come from the plaintiff, and to have the tires charged to the defendant, because he would like to keep the tire account separate. Accordingly it was arranged that Sercombe should send the goods from the plaintiff, billed by the plaintiff to the defendant, and that they should be credited to the plaintiff and be charged off by a draft of the defendant on Sercombe in favor of the plaintiff. The bicycles sent to Sercombe were to be charged to him by the defendant. This course of business was pursued. Bills were sent by the plaintiff to the defendant without objection on the part of the latter, and when after a time the plaintiff wrote a letter requesting payment, the defendant sent it a letter saying that it enclosed, and enclosing, a draft in settlement of account, and requesting the plaintiff to place the same to the defendant's credit. The defendant now seeks to bring its liability for the tires into its account with Sercombe, who is largely indebted to it, even after deducting the price of the tires.

In the argument for the defendant the foregoing arrangement was spoken of as mere bookkeeping, and it was pressed that in substance the defendant insisted on buying tires only on the condition that they could be set off against Sercombe's account. It is argued that the importance attached by the defendant to this stipulation is shown by its refusal to buy more tires than could be used on the wheels sent to Sercombe, and by a conversation in which Sercombe sketched the arrangement to the plaintiff's vice president.   We do not think that this is the necessary conclusion from the evidence.   On the contrary, it appears by the present state of the account that the defendant at that time was perfectly willing to give Sercombe credit, and it appears also that it did deal with the plaintiff as seller of the tires. Unless and until Sercombe should fail to honor the drafts upon him in favor of the plaintiff, it made no difference to the defendant which of the two was its vendor.   The chances are that it never thought of the difference which there might be in case of Sercombe's insolvency.   Certainly we see nothing which conclusively shows that it had that matter in mind.   We should add that no great weight can be attached to the use of the first person by Sercombe, — " my tires," " I am to send him the telegram tires," etc.   In the first place, the practice was not quite uniform ; in the second, it was no more than is common among salesmen, who nevertheless are not setting themselves up against the house that employs them.   We are of opinion that the judge was warranted in finding that the actual arrangement between Sercombe and the defendant was that it should become the plaintiff's debtor, and that, although a particular mode of payment, namely by draft on Sercombe, was provided for, this, if it bound the plaintiff at all, might be found to hold good only so long as Sercombe was solvent.   *Hayes* v. *Kelley*, 116 Mass. 300. *Sturtevant* v. *Wallack*, 141 Mass. 119.   *Bertha Mineral Co.* v. *Morrill*, *ante*, 167.   In this view of the case, no question arises of the defendant's right to bring its claim against Sercombe into the account, and it is not necessary to consider whether the right, if it existed, would have to be pleaded.   See *Goldthwait* v. *Day*, 149 Mass. 185 ; *Dewing* v. *Dewing*, 165 Mass. 230 ; *Foster* v. *Graham*, 166 Mass. 202 ; *Kingsley* v. *Delano*, 169 Mass. 285.

The finding of the judge below also could be justified on the

ground that, whatever the arrangement between the defendant and Sercombe, it knew that the tires were to be ordered of the plaintiff in such a way that the plaintiff naturally would understand that it was selling. The evidence, assuming all that was put in to have been admissible, did not conclusively establish notice of a different understanding on the defendant's part. But it is unnecessary to present other grounds since the first which we have mentioned seems to us enough to support our decision.

The draft sent by the defendant was not pleaded, and is not relied on as a satisfaction of the debt.

*Judgment on the finding.*