NEW JERSEY PHOTO-ENGRAVING COMPANY, A CORPORA-
TION, PLAINTIFF-APPELLEE, v. JOHN VENEZIA, TRAD-
ING, ETC., DEFENDANT-APPELLANT.

Argued May term, 1927—Decided October 5, 1927.

**Agency—Goods Sold and Delivered—Agency Disputed by De-
fendant—Held, Where Goods are Bought by a Person Claim-
ing to Have Authority to Order From the Plaintiff, and are
Shipped to the Plaintiff in Cases Plainly Marked With His
Address, and Bills and Demands are Sent to the Defendant
to Which No Reply is Made, it is for the Jury to Judge of
the Circumstances—Judgment for Plaintiff Affirmed**

On appeal from the Perth Amboy District Court.

Before Justices PARKER, MINTURN and CAMPBELL.

For the defendant-appellant, *Jacob B. Joselson.*

For the plaintiff-appellee, *Karkus & Karkus.*

PER CURIAM.

The action was brought in the Perth Amboy District Court,
and was tried without a jury, and judgment was rendered
for the plaintiff for $122.60.

The state of demand was on a book account, but was
amended for goods sold and delivered.

The plaintiff's evidence was that the goods were ordered
and taken away by one Brower, and charged to the defendant
on plaintiff's books at Brower's direction. That thereafter
bills were sent to the defendant and never returned, objected
to, or paid. That a few days before the trial some of the
goods in question were bought from the defendant at the lat-
ter's place of business.

The defendant's evidence was that he bought the goods
from Brower as principal, and paid him therefor; that he
returned the bills sent to him by the plaintiff.

The defendant's appeal is rested upon the contention that there was no evidence of agency. We think there was sufficient in the facts and circumstances to present a jury question. It has been held that "where goods are bought by a person claiming to have authority to order from the plaintiff, and are shipped by the plaintiff in cases plainly marked with his address, and bills and demands are sent to the defendant to which no reply is made, it is for the jury to judge of the circumstances." *Sturtevant* v. *Wallack*, 141 *Mass.* 119; 4 *N. E. Rep.* 615.

The judgment will therefore be affirmed.