Pettingell, P. J.
Action of contract by an owner of real estate against a tenant, for water used and consumed by the tenant, the occupant of plaintiff’s real estate, the water having been furnished the defendant by the Town of Framingham. The answer is a general denial and payment. The amount due for the water was not in controversy.
*83 There was evidence that the Town of Framingham sent bills to the plaintiff for the water consumed by the defendant, and that the plaintiff sent the bills for the water, to the defendant, without comment, and that the defendant never made any reply to the plaintiff regarding these bills. There was a finding for the defendant.
The error relied upon is the denial of the following rulings requested by the plaintiff.
“1. The evidence justifies a finding of fact that the plaintiff and defendant agreed that defendant would pay all water charges for water used and consumed by the defendant while the defendant was a tenant of the plaintiff.
“2. A local custom or usage which may exist concerning the rights and duties of the landlord and tenant of a tenancy at will cannot change or alter or vary the rights and duties as established by law and the law relative to a tenancy at will is the same throughout the Commonwealth.
“7. In the absence of any agreement between the landlord and the tenant of a tenancy at will relative to the payment of water rates or charges for water used by the tenant on the premises, the tenant is under a legal duty to pay such water charges, and upon the tenant’s failure to perform such duty and upon the landlord’s payment of such charges to prevent the imposition of a lien on the premises, the landlord may recover from such tenant the amount of the water charges so paid.”
The trial judge found the following facts:
“Upon all the evidence I find as a fact in this case that the defendant made no promises or agreement of any kind, either to the plaintiff or its agents or servants, to pay for the water used on the premises. I find as a fact that the defendant hired a tenement from the plaintiff’s duly authorized agent, in which he and *84 his family were to live. I find as a fact that the agreed rental price made with the agent was sixty-five ($65.00) dollars per month and that the defendant had paid all rent due as he agreed. I further find as a fact that in the absence of a special agreement to pay water bills, the custom and usage in Framingham, Massachusetts, that being the location of tenement rented by defendant from the plaintiff, is that the supplying of water for domestic use is incidental to the contract of hiring and that the cost thereof is paid by the landlord and not the tenant. As I have said supra, I find as a fact that nothing whatever was said to the defendant by the plaintiff or its agents or servants, about paying for water when the contract for hire was entered into between the plaintiff and defendant.”
The denial of the plaintiff’s first requested ruling did not constitute error. If there was evidence justifying the finding requested, that evidence should be in the report. No such evidence is reported. The finding of the trial judge that there Was no mention of this matter when the contract of hiring was made is a statement that there was no evidence on this point to report. There is nothing in the report to warrant any finding other than the one made, that there was no agreement of the defendant to pay the water rates to the plaintiff.
The plaintiff relies strongly upon the fact that the plaintiff sent the bills to the defendant without comment, as the plaintiff received them, and that the defendant never made any reply. The plaintiff’s claim is that the defendant’s silence regarding the bills constituted evidence of an agreement to pay the water charges.
Failure of one, who, in the circumstances of the case, is under a duty to act, or speak, or reply, and remains silent, has been held to be an admission on his part. In Sturte *85 vant v. Wallace, 141 Mass. 119, it was said at page 123, “But when a charge is of such a kind that, according to common experience, a man would naturally repudiate it if unfounded, the fact that it was made and not repudiated may be left to the jury.” There are limits to this rule, for it was said in the same case, at page 122, “It is not every charge, however expressly made, that calls for an answer.” It is a recognized principle of law that one man may not impose a liability upon another by sending unordered goods to him and then charging him for them unless he notifies the sender of a refusal to buy. This matter is mentioned in the opinion (Holmes, J.) in Hobbs v. Massasoit Whip Co. 158 Mass. 194, at page 196, where the courts says,
“Standing alone and unexplained, this proposition might seem to imply that one stranger may impose a duty upon another, and make him a purchaser, in spite of himself, by sending goods to him, unless he will take the trouble, and be at the expense, of notifying the sender that he will not buy. The ease was argued for the defendant on that interpretation. But, in view of the evidence, we do not understand that to have been the meaning of the judge, and we do not think the jury can have understood that to have been his meaning. The plaintiff was not a stranger to the defendant, even if there was no contract between them. He had sent eel skins in the same way four or five times before, and they had been accepted and paid for.”
The court went on to say that their prior relations had been such as to justify the plaintiff in assuming that there was a standing offer to buy.
In many cases this has been held to be a question for the jury. Bertha Mineral Co. v. Morrill, 171 Mass. 167, at 168. *86 Lamson v. Varnum, 171 Mass, 237, at 238, 239. In those cases merchandise was sent from one party to the other under circumstances of prior relationship which created a duty to return the merchandise or deny an intention to purchase if there was to be no contract. In Auringer v. Cochrane, 225 Mass. 273, at 275, services were rendered the defendant’s daughter, and his failure to deny his liability when rendered a bill was held to amount to an admission. See, also Thayer v. White, 10 Met. 343, at 345, 347. In Warner v. Fuller, 245 Mass. 520, at 528, it was held that failure to deny charges made publicly was evidence of an admission of the truth of the charges. In Milliken v. Warwich, 306 Mass. 192, at 197, it was held i that reception and retaining of an account rendered without any stated objection, permitted an inference of an assent to the account.
'• In all of these eases, however, there was a duty to speak on the part of the defendant, either a public duty or growing out of prior transactions or relationships, fío case goes as far as to say that one party can compel another party to enter into an agreement with him by thrusting upon that party a bill rendered by a third party to the one sending it.
In the case at bar, as far as the record shows, the plaintiff and the defendant had completed their only business transaction, an agreement of tenancy. The trial judge finds that there had been in that agreement no mention of water or of payment for it. Subsequently the plaintiff received a bill for water from The Town of Framingham. Presumably it was made out to the plaintiff; the report does not say. If it was made out to the defendant, by no stretch of the imagination could a contract be created in this way, *87 obliging the defendant to pay the plaintiff. If it was made out to the plaintiff and was sent to the defendant, there was no consideration for an agreement to pay a bill rendered to the plaintiff. All that the defendant was receiving from the plaintiff from the defendant came from the agreement of tenancy already past and completed. His silence cannot act as an admission of liability to the plaintiff, for the plaintiff had furnished nothing that he was not already paid for and the defendant had no liability to the defendant to admit. It cannot be an admission of liability to the town; if it was, the plaintiff cannot sue on it.
In Borrowscale v. Bosworth, 99 Mass. 378, the facts were somewhat similar. The court said, at page 382:
“The bill for the coal, which was made out in the plaintiff’s name, and delivered with the bill of lading, was not in pursuance of any contract which the defendants had made, and gave the defendants no title. They did not return it, but it was not of any value, and the evidence did not show that they assented to it, or ever claimed any rights under it . .
“Under these circumstances, we know of no authority for the doctrine that the mere right to sue can be transferred, without the act and assent of both parties to the contract.”
We are of opinion that the case just cited is applicable to the facts of the case under consideration and that the dobtrine contended for by the plaintiff does not apply. The failure of the defendant here to reply to the bills forwarded by the defendant was not under the circumstances an admission of anything, either of liability, or of a contract between the plaintiff and the defendant. There were in evidence no promises or agreements of any kind, either directly or by admission, to pay the plaintiff for the water. *88 The acts of the plaintiff in sending the bills to the defendant were not, on all the facts, evidence of a contract, and if admitted without objection, had no evidentiary value.
There was error in the denial of the plaintifPs second request but it was harmless. As the principles of law governing the case concern, also, the seventh ruling requested, and properly denied, the two requests will be considered together.
The law in Massachusetts always has been, in the absence of an express promise between the landlord and tenant, the tenant at common law is under no liability to the landlord for water furnished to the tenant by a third party. This action is not brought by the party furnishing the water but by the owner of the real estate at which the water was furnished. There is here no issue between the Town of Framingham, which furnished the water, and the defendant, to whom it was furnished. The rights of the town may depend upon an ordinance, as in Young v. Boston, 104 Mass. 95, at 104, but in the beginning, the delivery of water depended upon the contract of the parties, giving or receiving the service. The owner or lessor was under no legal duty to provide water for a tenant. Loring v. Commissioner of Public Works, 264 Mass. 460, at 465. On the other hand, the parties supplying water could not refuse to deal with the tenant and insist on doing business with the landlord. Turner v. Revere Water Co., 171 Mass. 329, at 334, 335. Young v. Boston, 104 Mass. 95, at 104. The duty of such third parties was to supply water to the “occupiers” of premises. The landlord had no standing to complain of the refusal to supply water to his tenants “nor is he or the property responsible for their unpaid water bills in the absence of special legislation”. Brand v. Water Commissioners, 242 Mass. 223, at 228.
*89 The special legislation referred to in the last cited case, is present in this case in the form of the provisions of Gr. L. (Ter. Ed.) C. 40, Section 42A, also, (in this particular instance), St. 1906, C. 526, Section 5, applying to Framingham.
The plaintiff’s argument is based upon its interpretation of these statutory provisions which it interprets to create a right of contract by the landlord against the tenant to collect the amount of the water rates, not paid by the tenant.
The cases already cited demonstrate that at common law neither the landlord, nor his estate, was in any way responsible for the tenant’s debt for water. G. L. (Ter. Ed.) C. 40, Section 42A now creates a lien for water rates upon the landlord’s property. In this case, it is interesting and important to consider why such a statute was passed. It is not a remedial statute for the landlord in that it gives him any right against his tenant. It is an exercise of the police power, “As an incident to a system of providing an indispensable supply of water in crowded centers of population.” Mechanics Savings Bank, v. Collector of Taxes, 299 Mass. 404, at 410. In other words it protects the tenant whose need of the water is paramount, from the whims and negligence of an owner, often absentee. In the language of that decision, at page 407, the owner, on his part, can protect himself and avoid the lien “altogether by preventing the use of the water, or by causing the rates and charges to be paid promptly.” It is perfectly possible for him to protect himself by including this matter in the agreement of tenancy. Nothing in the statute gives the landlord a right of action against the tenant.
A right of action is created by St. 1906, C. 526, Section 5, but the right is that of the party furnishing the water. The statute is broader than the lien statute already discussed be *90 cause it creates a right to the Town of Framingham to sue the owner in contract. It gives the owner no right.
Both statutes create rights against the owner. Neither of them gives him any additional right. The common law still governs his rights against the tenant. He cannot, as he did here, sit back and allow the tenant to run up a bill without exposing himself and his estate to liability.
The plaintiff sues at common law. He does not rely upon a statute which creates a right in the landlord to sue in contract and cites no statute and no decision indicative of such a right. In our opinion, despite the fact that the liability of the landlord has been increased by the water lien statutes referred to, the liability of the tenant remains as before, governed by the common law. The landlord has no more right of action than he had formerly, an agreement by the landlord with the tenant is the only basis upon which such an action can stand.
We have already said that denial of the second requested ruling was error. So probably was the “finding” of the trial judge that there is a custom in Framingham that the landlord and not the tenant is liable for the water. Apparently there was no evidence in the case warranting such a “finding”. Local customs are not within the judicial knowledge of a trial judge. They lack that universality of nature, which is essential to judicial knowledge. Municipal ordinances are not within the scope of judicial notice. Brodsky v. Fine, 263 Mass. 51, at 54; nor regulations of the State Division of Highways. Cook v. Cole, 273 Mass. 557, at 554. See, also, Finlay v. Eastern Racing Association, 308 Mass. 20, at 27. Matters as unsubstantial as local customs, which may vary fundamentally in a single community, to say nothing of variances which may exist in different communities, have no higher standing.
*91 To be within the judicial knowledge of the court, a custom, or usage must be generally known or accepted to an extent sufficient to make it a matter of common knowledge; where, however, a custom or usage is local in its nature and application and is not generally known or well established, the courts are not authorized to take judicial notice of it. In other words, a custom that is-limited to a particular locality, or business, or class of people, will not ordinarily be the subject of judicial notice. 20 American Jurisprudence, Section 109, Page 121.
We have said that “apparently” there was no evidence to warrant such a finding and that the finding is “probably” error. If there was error in this respect, it was immaterial, and the plaintiff was not harmed. The general finding of the trial judge was in conformity to the law applicable to the case and the plaintiff was not harmed by the error as the trial judge reached what, upon the facts of the case, was a proper result. A right ruling will be upheld although the reasons given by the trial judge are wrong. Crawford v. Roloson, 254 Mass. 163, at 168. Williams v. Pittsfield Lime & Stone Co., 258 Mass. 65, at 71. Reilly v. Selectmen of Blackstone, 266 Mass. 503, at 512. Boston Morris Plan Co. v. Bennett, 272 Mass. 487, at 491. Hamilton Mfg. Co. v. Lowell, 274 Mass. 477, at 487. Broitman v. Silver, 278 Mass. 510, at 513. Malinoski v. D. S. McGrath, Inc., 283 Mass. 1, at 10. Rathgeler v. Kelly, 299 Mass. 444, at 446. Bridge v. Hart, 302 Mass. 239, at 246.
No prejudicial error appearing, the report is to be dismissed.