JOSEPH L. PROCTOR *vs.* OLD COLONY RAILROAD COMPANY.

Barnstable.    March 5, 1891. — June 29, 1891.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Tort — Admissions by Agent — Evidence.*

In an action against a railroad company for setting back the waters of a stream upon the plaintiff's premises, evidence is admissible that the defendant's officers, in discussing at different interviews with the plaintiff his claim for damages, did not at any time deny the defendant's liability.

At the trial of an action against a railroad company for setting back the waters of a stream upon the defendant's premises, an admission of the defendant's liability by an attorney, to whom the plaintiff was referred by the defendant's president, is not competent in the absence of proof that the attorney was referred to in such a way as to constitute him an agent of the defendant, with authority to make admissions or promises to the plaintiff; and such proof, if offered at the close of the defendant's case, may, in the discretion of the presiding judge, be rejected as too late.

TORT, for setting back the waters of Bridge Creek upon the plaintiff's premises.    Trial in the Superior Court, before *Pitman,* J., who allowed a bill of exceptions, in substance as follows.

There was evidence tending to show that the plaintiff's premises were injured by the defendant's replacing a culvert across its road-bed by a pipe which was insufficient to carry off the waters of the creek, and caused them to overflow the same. The defendant offered evidence tending to show that the culvert was filled up and the pipe substituted at the request of

the plaintiff's predecessor in title, and that therefore it was not liable in the action.

The plaintiff testified upon his direct examination, without objection, that he had numerous interviews with the president, general manager, and division superintendent of the defendant's road, concerning his damages caused by the setting back of the waters of Bridge Creek upon his premises.

The plaintiff was then asked the following questions concerning these interviews: 1. "Whether or not at any time any denial of liability has been made by the defendant or any of its officers?" 2. "Whether or not during these interviews any reference has been made by any of the defendant's officers, attorneys, or agents to any license or agreement by you or your grantors for the handling of the water in this way?" 3. "When did you first learn, if at all, that there was any claim of absence of liability on the part of the defendants, or any of their officers?" 4. "Whether or not there has been at any time any denial by the defendant, or any of its officers, of your right to have the culvert placed in the road-bed at this point?" The defendant objected, before answer, to each question, and the judge sustained the objections. The judge excluded the questions on the ground that the conversations, and not the inferences or understanding, of the plaintiff were admissible; and the plaintiff excepted.

The plaintiff offered to prove that he called upon the defendant's president, at the request of the superintendent of the division on which the premises lie, and that as the result of that interview the plaintiff was referred to Judge Hiram P. Harriman, the president saying that "they wanted to leave it to our attorney, Judge Harriman"; that thereupon the plaintiff submitted his books and evidence and dates to Judge Harriman, who made an examination of the premises, and stated as the result of that examination that a certain amount of money was due to the plaintiff. The plaintiff contended that the evidence was offered as a statement by a person expressly referred to, and that it was not an admission during compromise negotiations. The judge excluded the evidence, upon the defendant's objection, and the plaintiff excepted.

The plaintiff submitted in writing, after the close of the

defendant's case, an offer of proof tending to show Judge Harriman's authority to act in the matter.   The judge excluded the evidence upon the defendant's objection, among other reasons stating that it was not in rebuttal, and that it was not within the right of the plaintiff to claim it at that stage.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

The case was argued at the bar in March, 1891, and afterwards, in June following, was submitted to all the judges except *Barker,* J.

*C. F. Chamberlayne,* for the plaintiff.

*C. F. Choate, Jr., (J. H. Benton, Jr.* with him,) for the defendant.

ALLEN, J.   The plaintiff testified that he had numerous interviews with the president, general manager, and division superintendent of the defendant company, concerning his damages caused by the setting back of the waters of Bridge Creek upon his premises; and then sought to show that in the discussions which took place between him and them they did not deny the defendant's liability for damages.   There was no objection on the ground that these officers were not authorized to speak for the defendant upon the subject, but the court excluded the questions on the ground that the conversations, and not the inferences or understanding, of the plaintiff were admissible.

It seems to us that this was too narrow a view of the matter. If, in point of fact, the defendant's officers, in discussing the plaintiff's claim for damages with him, did not deny the defendant's liability for damages, the omission to make such denial might be considered by the jury.   It would be in the nature of an admission, subject of course to be explained, but competent and proper to be laid before the jury.   This is not like cases where a party is so situated that no inference can be drawn from his silence when a statement is made in his presence.   *Commonwealth* v. *Kenney,* 12 Met. 235.   *Commonwealth* v. *Harvey,* 1 Gray, 487..

If a party is so situated that he is not called upon to say anything, and does not say anything, his silence under such circumstances is not to be taken as furnishing any ground for an inference that he thereby made any admission.   But in the case at bar there was evidence tending to show that the plaintiff had

presented to the defendant's officers a claim for damages, and that the matter was under discussion at different interviews. If, under these circumstances, they made no denial of the defendant's liability while discussing the subject, the fact of such omission might properly be considered by the jury. It does not amount to an estoppel; but it is competent as bearing upon the question to be determined. It is conduct which is in the nature of an admission, if in such discussion the defendant's officers made no pretence that the defendant was not liable. *Parsons* v. *Martin*, 11 Gray, 111. *Pray* v. *Stebbins*, 141 Mass. 219, 224, 225. *Hayes* v. *Kelley*, 116 Mass. 300. It is somewhat like an omission to testify, or to produce books, or to furnish explanations, when called on to do so. *Whitney* v. *Bayley*, 4 Allen, 173. *McDonough* v. *O'Niel*, 113 Mass. 92. *Eldridge* v. *Hawley*, 115 Mass. 410. *Huntsman* v. *Nichols*, 116 Mass. 521. *Cheney* v. *Gleason*, 125 Mass. 166, 176.

The presiding justice appears to have excluded the questions on the ground that the conversations themselves, when testified to, would show whether or not the defendant's officers denied that the defendant was liable. This would be so if there were a single brief conversation, the whole of which could be given. But where there have been numerous interviews with different officers, it is not to be supposed that the whole of every conversation can be given, and in such case the plaintiff ought to be allowed to testify, once for all, that never at any time was there a denial of liability. The practical question is, How shall the result be reached of getting before the jury the fact that no such denial was made? It seems to us, under the circumstances presented by the bill of exceptions, that the plaintiff ought to have been allowed to answer the first, second, or fourth questions which were put to him by his counsel, so as to be able to present to the jury distinctly his claim that there never had been any denial of liability. It was of course entirely proper to call for the whole of all the conversations; but since it is not to be supposed that every word can be repeated, the plaintiff should have been allowed to ask the general question which was excluded.

The third question is only significant as supporting the same view, and of itself alone would properly be excluded.

The plaintiff, in putting in his case in chief, offered to show certain statements by Judge Harriman as the result of an examination of the premises made by him. This evidence was properly excluded. It would not follow from the plaintiff's offer of proof that Judge Harriman was referred to in such a way as to constitute him an agent for the defendant, with authority to make admissions or promises to the plaintiff. *Rosenbury* v. *Angell*, 6 Mich. 508.

The subsequent more formal offer, after the close of the defendant's case, might properly be excluded, in the discretion of the court, as too late.                    *Exceptions sustained.*