KATHERINE CARROLL *vs.* TIMOTHY S. CARROLL.

Suffolk.    November 17, 1927. — January 4, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Evidence,* Competency, Admission by conduct. *Practice, Civil,* Exceptions.

At the trial of an action of contract by a sister against her brother for six years' services as housekeeper and caretaker of the defendant's children, it appeared that the defendant worked for wages and his only other income was the rent from one suite in the house he occupied and $100 a year which he received from a fraternal organization. Subject to exceptions by the defendant, the judge permitted the plaintiff to show in cross-examination of the defendant that, after the defendant had been notified by the plaintiff's attorney of her claim and before action was brought, he had conveyed his home to a woman who later became his wife. Also subject to an exception by the defendant, there was admitted a conversation between the defendant and a sister of the parties in the course of which the sister said that the plaintiff would bring an action against the defendant and take the house from him for wages, and the defendant replied, "She can't do it. The house don't belong to me," and did not deny owing the plaintiff. The plaintiff testified that, after the date of the conveyance, when she told the defendant that he would hear from her claim soon, he said, "You are too late." *Held,* that

(1) The conveyance in the circumstances was competent evidence to show that the defendant by a voluntary conveyance of all his attachable property was conscious of liability and endeavored to escape from it;

(2) The fact, that a promise to marry is a good consideration for a conveyance, was immaterial, there being no evidence to prove that such a promise was the consideration for the conveyance;

(3) The quoted portion of the defendant's conversation with the sister was competent as evidence of an implied admission of liability, irrespective of the state of the title when the statement was made.

Upon an exception to the admission in evidence of a conversation as a whole, not followed by a motion to strike out any portion of it, the question, whether some parts of it were incompetent, need not be considered.

CONTRACT upon an account annexed for "services as housekeeper and care of defendant's minor children from April 24, 1918, to April 24, 1924 — 312 weeks at $10 per week, $3,120." Writ dated April 24, 1924.

In the Superior Court, the action was tried before *Macleod,* J. Material evidence and exceptions saved by the defendant are stated in the opinion.

The entire testimony of the sister of the parties as to a conversation of the defendant with her, admitted subject to the defendant's exception, was as follows:

"We were going along the street. He said, 'I am thinking of getting married this Spring.' I said, 'What do you expect to do with Kate?' He said, 'She is going to stay with me.' I said, 'You know she won't stay with you.' He said, 'Well, I don't see what else she can do. Of course, she will stay with me.' I said, 'I don't think so. You know she won't work for another woman after working so hard for you for the last ten years.' He said, 'Oh, yes, she will.' I said, 'You know they won't get along, and she won't do that, any way.' He said, 'Yes, she will get along all right.' After a while I said, 'I don't think, no matter how good she is, that will work out.' I said, 'I'll tell you what she'll do. She will take you into court, and she may take the house from over your head for wages. She can do it, after working for you for ten years.' He said, 'She can't do it. The house don't belong to me.' I said, 'I thought the house was yours.' He said, 'No, the house belongs to my children. If I wanted to sell the house, I couldn't do it.' I said, 'I am glad to hear that, and if you have any more to spare, put it with it.'"

The jury found for the plaintiff in the sum of $2,500. The defendant alleged exceptions.

*H. A. Murphy,* for the defendant.

*W. E. Collins,* for the plaintiff.

SANDERSON, J. The plaintiff is seeking to recover for services rendered the defendant as housekeeper, and for

other services, covering a period of six years. The jury found for the plaintiff. The exceptions relate to the admission of evidence.

The judge, subject to the defendant's exception, permitted the plaintiff, in cross-examination of the defendant, to show that, in March, 1924, after he had been notified by the plaintiff's attorney of her claim and before action was brought, he had conveyed his home to the woman who later became his wife. A certified copy of the deed was admitted in evidence. The defendant worked for wages and his only other income was the rent from one suite in the house he occupied, and $100 a year which he received from a fraternal organization. The plaintiff testified that after this conveyance, when she told the defendant that he would hear from her claim soon, he said "You are too late."

Upon the evidence introduced, the jury could infer that the house constituted all of the defendant's attachable property, and that it was voluntarily conveyed to avoid an attachment by the plaintiff. *Portland Gas Light Co.* v. *Ruud*, 242 Mass. 272, 275. The testimony objected to was competent. It had some tendency to show that the defendant was "conscious of liability and endeavored to escape from it." *Banfield* v. *Whipple*, 10 Allen, 27, 31. The fact that a promise to marry is a good consideration for a conveyance is immaterial, because there was no evidence to prove that such a promise was the consideration for the conveyance.

An exception was saved to the admission of a conversation between the defendant and Mrs. Leonard, a sister of both parties. A part of this conversation — to the effect that Mrs. Leonard said that the plaintiff would bring an action against the defendant and take the house from him for wages, with his reply, "She can't do it. The house don't belong to me" — was competent. The jury could have found that when the defendant was thus spoken to by his sister about the plaintiff's claim he would have denied that he owed her anything if that were true, but instead of that the ownership in some one else was stated as the reason why the house could not be taken in satisfaction of her claim. This reply

could have been found to be an implied admission of liability. *Boston & Worcester Railroad* v. *Dana*, 1 Gray, 83. *Proctor* v. *Old Colony Railroad*, 154 Mass. 251. *Warner* v. *Fuller*, 245 Mass. 520, 528. The competency of the evidence did not depend upon the state of the title to the house at the time the statement was made. Inasmuch as the objection was to the conversation as a whole and there was no motion to strike out any part of it, the question, whether some parts of it were incompetent, need not be considered. *Smith* v. *Duncan*, 181 Mass. 435.

*Exceptions overruled.*