JOHN B. THOMES *vs.* THE MEYER STORE INCORPORATED.

Berkshire.    September 17, 25, 1929. — October 2, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Motor Vehicle*, Registration, Operation. *Evidence*, Presumptions and burden of proof. *Agency*, Existence of relation, Scope of authority. *Statute*, Construction.

Section 85A, added to G. L. c. 231 by St. 1928, c. 317, § 1, in substance making, at the trial of an action for personal injuries or property damage arising out of an accident involving a motor vehicle, the fact, that at the time of the accident the motor vehicle was registered in the name of the defendant as owner, "*prima facie* evidence that it was then being operated by and under the control of a person for whose conduct the defendant was legally responsible," and providing that "absence of such responsibility shall be an affirmative defence to be set up in the answer and proved by the defendant," relates only to evidence and regulates trials of such actions taking place after, even though the cause of action arose before, the statute went into effect.

The *prima facie* evidence created by the said statute means evidence which, standing alone and unexplained, maintains the proposition and warrants the conclusion to support which it is introduced.

If the evidence above described is not in any way met or controlled, and relates to the decisive issue in the case, a verdict or finding is required in accordance with its effect.

At the trial of an action of the character above described, an employee of the defendant, who was driving the motor vehicle registered in the defendant's name as owner, testified that, among his purposes in driving the motor vehicle at the time of the accident, one was to get his supper. *Held*, that such testimony did not as a matter of law destroy the evidence established by the statute, but merely made a question of fact to be determined by the jury, whether it overcame the effect given by the statute to the registration of the motor vehicle in the name of the defendant.

*Whether*, in other circumstances not present in this action, it might be proper to order a verdict for the defendant notwithstanding the statute above described, was not here considered or decided.

TORT.    Writ dated June 30, 1928.

In the Superior Court, the action was tried before *Burns*, J.    Material evidence is stated in the opinion.    The defendant moved that a verdict be ordered in his favor.    The

motion was denied.   There was a verdict for the plaintiff in the sum of $13,500.   The defendant alleged exceptions.

*M. B. Warner*, for the defendant.

*F. M. Myers*, for the plaintiff.

RUGG, C.J.   This is an action of tort to recover compensation for personal injuries sustained by the plaintiff by reason of being struck by a motor vehicle owned by, and registered in the name of, the defendant and driven by one in the general employment of the defendant.   The injury occurred before, but the trial after, St. 1928, c. 317, § 1, took effect. Thereby there was inserted after § 85 of G. L. c. 231, a new section, "Section 85A," in these words: "In all actions to recover damages for injuries to the person or to property or for the death of a person, arising out of an accident or collision in which a motor vehicle was involved, evidence that at the time of such accident or collision it was registered in the name of the defendant as owner shall be *prima facie* evidence that it was then being operated by and under the control of a person for whose conduct the defendant was legally responsible, and absence of such responsibility shall be an affirmative defence to be set up in the answer and proved by the defendant."   Since that statute relates only to evidence and not to substantive rights, it regulates all trials taking place after, even though the cause of action arose before, it went into effect.   *Smith* v. *Freedman*, 268 Mass. 38, and cases there cited.   The *prima facie* evidence created by the statute means evidence which, standing alone and unexplained, maintains the proposition and warrants the conclusion to support which it is introduced.   *Emmons* v. *Westfield Bank*, 97 Mass. 230, 243.   *Coghlan* v. *White*, 236 Mass. 165, 169.   If such evidence is not in any way met or controlled, and relates to the decisive issue in the case, a verdict or finding is required in accordance with its effect. *Wakefield* v. *American Surety Co.* 209 Mass. 173, 176.   It has not been contended that the statute is not a valid exercise of legislative power.   It cannot rightly be held that the existence of the facts stated therein may not be declared by the General Court to create so strong a probability of the existence of the further fact there set forth as to require the

inference of that further fact unless met and controlled by evidence. The inference of the one fact from the proof of the others, as required by the statute, appears to rest upon a rational connection and is not purely arbitrary. *Holmes* v. *Hunt,* 122 Mass. 505, 516. *Opinion of the Justices,* 208 Mass. 619, 623, 624. *Duggan* v. *Bay State Street Railway,* 230 Mass. 370, 380. *Opinion of the Justices,* 251 Mass. 569, 599. *McFarland* v. *American Sugar Refining Co.* 241 U. S. 79, 86. The statute changes the rule of evidence of the common law of this Commonwealth as to this point, *Trombley* v. *Stevens-Duryea Co.* 206 Mass. 516, 519, and adopts the rule of evidence prevailing in some other jurisdictions without statute. See, for example, *Potts* v. *Pardee,* 220 N. Y. 431, 433.

The statute, in the cases therein described, makes registration of the motor vehicle in the name of the defendant as owner *prima facie* evidence that it was then being operated by a person for whose conduct the defendant is responsible. This in most instances must require submission to the jury of the question of fact whether that *prima facie* evidence has been overcome and whether the affirmative defence has been made out so as to rebut the otherwise conclusive effect of the *prima facie* case. It is rarely that it can be ruled as matter of law that an affirmative defence has been made out or that a *prima facie* case has been overcome. *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450, 452, and cases cited. *Claffey* v. *Fenelon,* 263 Mass. 427, 430. *Lennon* v. *Cohen,* 264 Mass. 414. It is to be observed that the effect of this statute is to create certain specified facts when proved as *prima facie* evidence of a further important fact. The statute does not establish a presumption; a presumption is not evidence but a rule concerning evidence and it disappears when the facts are shown. *Duggan* v. *Bay State Street Railway,* 230 Mass. 370, 378, and cases there collected. *Commonwealth* v. *De Francesco,* 248 Mass. 9, 13, 14. See Wigmore on Evidence (2d ed.) §§ 2490, 2494.

The truth and the weight of the explanation offered by the defendant, tending to meet and control the *prima facie* case made out for the plaintiff under the statute, were for the consideration of the jury. The plaintiff was not bound by

them and had the right to go to the jury on proof of the facts establishing the *prima facie* evidence that the driver of the motor vehicle was the agent of the defendant acting within the scope of his authority. *Leary* v. *William G. Webber Co.* 210 Mass. 68, 74. *Eddy* v. *Johnston,* 250 Mass. 299, 301. The case at bar is quite distinguishable from *Doyle* v. *Boston Elevated Railway,* 248 Mass. 89, and cases there collected.

The employee of the defendant testified that among his other purposes in driving the motor vehicle at the time of the accident, one was to get his supper. The defendant contends that therefore the journey could not have been on the business of the defendant. That contention cannot be supported. At most, this raised only a question of fact to be settled by the jury. *Reynolds* v. *Denholm,* 213 Mass. 576. *Barney* v. *Magenis,* 241 Mass. 268. *McDonough* v. *Vozzela,* 247 Mass. 552, 558, 559. *Walsh* v. *Feinstein,* 251 Mass. 109, 112. Cases like *Hartnett* v. *Gryzmish,* 218 Mass. 258, and *Vallavanti* v. *Armour & Co.* 260 Mass. 417, are not of controlling significance because they arose before the enactment of St. 1928, c. 317, § 1. Without considering whether a case may arise where a verdict may be directed for a defendant notwithstanding the statute, it is enough to say that the case at bar is not of that kind.

The defendant's motion for a directed verdict in its favor was denied rightly.

*Exceptions overruled.*