MORRIS WILSON *vs.* SAMUEL GRACE.

SOPHIE WILSON *vs.* SAME.

Worcester.   September 23, 1930. — November 24, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Agency,* Existence of relation. *Motor Vehicle,* Operation. *Evidence,* Presumptions and burden of proof, Admissions, Failure to testify, Consciousness of liability. *Statute,* Construction. *Husband and Wife.* *Damages,* Consequential.

Section 85A, added to G. L. c. 231 by St. 1928, c. 317, § 1, is merely procedural in its nature and applies to actions where the cause of action arose before, and the trial took place after, its passage.

Where, in an action of tort for personal injuries resulting from negligence in the operation by a third person of an automobile owned by the defendant and registered in his name, the defendant alleged in his answer that the operator "was not acting as his agent or servant," it could not properly have been ruled as a matter of law that the *prima facie* evidence of the agency of the operator for the defendant, established by said § 85A, was overcome and the affirmative defence of lack of such agency established, merely by uncontradicted testimony by the defendant and the operator, who were not called by the plaintiff, that the automobile was being operated without authority from the defendant: since they were not the plaintiff's witnesses, he was not bound by their testimony, which the jury could disbelieve.

The operator testified at the trial of the action above described that he had a conversation with the plaintiff after the plaintiff was injured, in which he stated to the plaintiff that he had operated the automobile without authority from the defendant, and the plaintiff requested that he and the defendant report to the defendant's insurance company that he did have authority, "so . . . [the plaintiff] could make a case out of it." The plaintiff testified that he had had a conversation with the operator, but did not testify as to what was said thereat. *Held,* that the plaintiff's failure to refute the operator's testimony was not an admission, binding on the plaintiff, that the conversation had been correctly reported by the operator or that his statement as to his lack of authority from the defendant was true; at most it was evidence from which the jury could have drawn inferences unfavorable to the plaintiff.

The *prima facie* evidence established by said § 85A was not overcome in the action above described by the presumption that the defendant was innocent of violating G. L. c. 90, § 12, as amended by St. 1923, c. 464, § 5, and St. 1925, c. 201, § 1, providing that "No person shall allow a motor vehicle owned by him or under his control to be operated

by any person who has no legal right so to do," even if the jury believed testimony by the operator that he was less than sixteen years of age at the time in question and therefore could not have been licensed to operate motor vehicles.

An action of tort to recover for damage caused to an automobile of the plaintiff in a collision with an automobile of the defendant is an action "to recover damages for injuries . . . to property," within the meaning of said § 85A.

The phrase "damages for injuries to the person" in said § 85A means damages which are the result of a direct injury to the plaintiff and does not include consequential damages sustained by a husband through direct injury to the person of his wife in an accident in which a motor vehicle was involved.

Such consequential damages are not damages "for injuries . . . to property" within the meaning of said § 85A.

Said § 85A is not applicable in an action by a husband against the owner of an automobile to recover consequential damages sustained by him through injury to the person of his wife by the negligent operation by a third person of an automobile owned by and registered in the name of the defendant; and the burden of proving that the operator was operating the automobile at the time of the accident as the agent of the defendant within the scope of his authority is upon the plaintiff.

Apart from said § 85A, proof, in an action of tort for personal injuries resulting from the negligent operation of an automobile, merely that the automobile was owned by the defendant and was registered in his name, is not sufficient to sustain the burden of proving that the operator of the automobile was operating it at the time of the plaintiff's injury as the agent of the defendant within the scope of his authority.

Testimony by the defendant in such an action that, having notice of the plaintiff's claim, the next year after the plaintiff's injury, though continuing to own the automobile, he had it registered in the name of his daughter who was not licensed to operate motor vehicles, did not warrant a finding that the automobile "constituted all of the defendant's attachable property, and . . . was voluntarily conveyed to avoid an attachment by the plaintiff," thereby showing such consciousness of liability on the part of the defendant for the injury as to amount to an admission.

Two ACTIONS OF TORT. Writs dated January 14, 1928.

The declaration in the first action was as follows:

"Count 1. The plaintiff says that on or about October 23, 1927, the defendant, his agents or servants, so negligently and unskillfully drove a motor vehicle on a public way called Mott Street in Worcester, Massachusetts, that by reason thereof the motor vehicle of the plaintiff was damaged.

"Count 2. The plaintiff says that on or about October

23, 1927, the defendant, his agents or servants so negligently and unskillfully caused or permitted a motor vehicle belonging to the defendant to be driven on a public highway called Mott Street in Worcester, Massachusetts, by one who is unskillful and known by the defendant to be unskillful and by reason of the negligence of the operator of said car the motor vehicle of the plaintiff was damaged.

"Count 3. The plaintiff says that on or about October 23, 1927, the defendant, his agents or servants so negligently and unskillfully drove a motor vehicle on a public highway called Mott Street in Worcester, Massachusetts, that by reason thereof the plaintiff's wife was seriously injured and as the result thereof he was put to great expense for hospital bills, doctor bills and other expenses all to his great damage as claimed in his writ.

"Count 4. The plaintiff says that the defendant on or about October 23, 1927, permitted and allowed one to operate his motor vehicle knowing that said operator was unskillful or he should have known that said operator was unskillful and that by reason of the negligence of the operator of said motor vehicle an automobile of the defendant came upon and struck the motor vehicle of the plaintiff, causing injuries to his wife who was sitting in said automobile. That by reason of said injuries he was put to great expense for medicine, medical care and attendance that was all to his great damage."

The declaration in the second action was as follows:

"Count 1. The plaintiff says that on or about October 23, 1927, the defendant, his agents or servants so negligently and unskillfully drove a motor vehicle on Mott Street, a public highway in Worcester, that by reason thereof the said motor vehicle struck the automobile in which the plaintiff was sitting causing her to be thrown out of said automobile and that she was injured by reason thereof all to her great damage.

"Count 2. The plaintiff says that the defendant improperly and negligently permitted and allowed his motor vehicle to come into the possession and control and be driven by a minor, one Louis Grace, who was incapable of

properly driving said automobile, and the defendant knew or ought to have known that said Louis Grace was not a proper person to operate said automobile, and that said Louis Grace negligently and unskillfully drove said automobile so that it struck and injured the plaintiff causing her great injuries both in body and mind."

The defendant in his answer in each action alleged that " the operator of his automobile was not acting as his agent or servant at the time and place mentioned in the plaintiff's writ and declaration."

Material evidence at trial of the actions together in the Superior Court before *Whiting,* J., is stated in the opinion. Motions by the defendant that verdicts be ordered in his favor, and the action by the judge thereon, are stated in the opinion. There was a verdict for the plaintiff in the first action in the sum of $340, and, in the second action, in the sum of $650. The defendant alleged exceptions.

*S. B. Milton, (C. C. Milton* with him,) for the defendant.
*S. A. Seder, (S. Lurier* with him,) for the plaintiff.

FIELD, J. These are actions of tort. They were tried by a judge and a jury with two other actions brought by these plaintiffs against Louis Grace. The plaintiff Sophie Wilson seeks to recover for personal injuries received by her when the automobile owned by her husband, Morris Wilson, in which she was sitting, was struck by the defendant's automobile, operated by Louis Grace. Her declaration was in two counts. The plaintiff Morris Wilson seeks to recover for damages to his automobile and for the medical expenses of his wife. His declaration was in four counts, the first and second for property damage, the third and fourth for medical expenses. In each case the defendant filed a motion for a directed verdict on each count of the declaration. In the case of Sophie Wilson the motion as to the first count of the declaration was denied and the motion as to the second count was granted. In the case of Morris Wilson the motions as to the first and third counts were denied and the motions as to the second and fourth counts were

granted. The defendant excepted to the denial of his motions. February 3, 1930, a verdict was rendered in each case for the plaintiff.

There was evidence that on October 23, 1927, an automobile owned by Morris Wilson was struck on a public way by an automobile driven by one Louis Grace, and damaged, that Sophie Wilson, who was sitting in her husband's automobile, " was injured as a result of the impact," and that her husband " expended over $400 in medical expenses for services rendered to his wife as a result of this accident." The defendant agreed that the automobile driven by Louis Grace was owned by the defendant and registered in his name as owner. It was agreed further " that the evidence was sufficient to warrant the jury in finding that the driver of the defendant's car was negligent and that the plaintiff Sophie Wilson was in the exercise of due care at the time of the accident." The defendant contends, however, that the jury were not warranted in finding that at the time of the accident his automobile was " being operated by and under the control of a person for whose conduct the defendant was legally responsible."

1. The motion for a directed verdict on count one of the declaration in the case brought by Sophie Wilson was denied rightly.

St. 1928, c. 317, § 1, added a new section, § 85A, to G. L. c. 231, which provided that " In all actions to recover damages for injuries to the person or to property or for the death of a person, arising out of an accident or collision in which a motor vehicle was involved, evidence that at the time of such accident or collision it was registered in the name of the defendant as owner shall be prima facie evidence that it was then being operated by and under the control of a person for whose conduct the defendant was legally responsible, and absence of such responsibility shall be an affirmative defence to be set up in the answer and proved by the defendant." This section became operative September 1, 1928. St. 1928, c. 317, § 3. Since it is procedural in its nature it applies

to cases where, as here, the cause of action arose before, and the trial took place after, its passage. *Smith* v. *Freedman,* 268 Mass. 38. *Thomes* v. *Meyer Store Inc.* 268 Mass. 587. *Haun* v. *LeGrand,* 268 Mass. 582. The case brought by Sophie Wilson, being an action "to recover damages for injuries to the person," is within the terms of the statute.

By force of the statute, the agreement that the automobile, operated by Louis Grace at the time of the accident, was registered in the name of the defendant as owner was "prima facie evidence that it was then being operated by and under the control of a person for whose conduct the defendant was legally responsible," and "absence of such responsibility" in each case became "an affirmative defence to be set up in the answer and proved by the defendant." This statute did not change the substantive law. *Smith* v. *Freedman,* 268 Mass. 38, 40. It does not impose upon the owner of an automobile liability for the negligence of an unauthorized operator, whether or not such operator is a thief or is violating G. L. c. 90, § 24, as amended by St. 1926, c. 253, by using "a motor vehicle without authority knowing that such use is unauthorized." It merely, as a matter of trial procedure, (a) puts upon the owner the burden of proving that the automobile was not "being operated by and under the control of a person for whose conduct . . . [he] was legally responsible," with the attendant risk of liability if he does not sustain this burden, (*Smith* v. *Freedman, supra*), and (b) makes the fact that the automobile "was registered in the name of the defendant as owner" *prima facie* evidence (as it was not before the passage of the statute, *Trombley* v. *Stevens-Duryea Co.* 206 Mass. 516, 519) that the automobile was "being operated by and under the control of" such a person. *Thomes* v. *Meyer Store Inc.* 268 Mass. 587, 589.

The defendant set up in his answer the affirmative defence that "the operator of his automobile was not acting as his agent or servant," but it could not have been ruled as matter of law, in accordance with his

contention, that the *prima facie* evidence of agency was overcome and the affirmative defence proved.

It is true that the testimony of Louis Grace and the defendant, uncontradicted apart from the statute, tended to show that Louis Grace was operating the automobile without authority from the defendant, but they were not the plaintiff's witnesses — as to a plaintiff's own witnesses, see *Connors* v. *Cunard Steamship Co. Ltd.* 204 Mass. 310, 321, *Haun* v. *LeGrand, supra* — and the plaintiff was not bound by their testimony. The jury could disbelieve it. *Lindenbaum* v. *New York, New Haven & Hartford Railroad,* 197 Mass. 314, 323 and cases cited. *Guinan* v. *Famous Players–Lasky Corp.* 267 Mass. 501 518.

In the course of his testimony Louis Grace stated, in substance, that, in a conversation with Morris Wilson, he told Wilson that he did not have permission from the defendant to use the automobile, Wilson asked the witness to have the defendant report to the insurance company that the witness had such permission "so he could make a case out of it," but the witness refused to do so, and Wilson also asked him to have his father report that the witness was using his truck at the time of the accident. Wilson previously testified that he had had a conversation with Louis Grace, but did not state what was said. The defendant, relying upon *Attorney General* v. *Pelletier,* 240 Mass. 264, 316, contends that Wilson's failure to testify in refutation of this testimony of Louis Grace was an admission of its truth, binding upon the plaintiff for whom, it is argued, Wilson was acting at the time of the conversation and at the trial. Without discussing other aspects of this contention, it is sufficient to say that such failure to testify, at most, was evidence for the consideration of the jury from which unfavorable inferences could be drawn. Even if Wilson's failure to testify was "conduct in the nature of an admission" (*Attorney General* v. *Pelletier, supra,* see also *Proctor* v. *Old Colony Railroad,* 154 Mass. 251, 253–254, *Howe* v. *Howe,* 199 Mass. 598, 603), it was not an admission, con-

clusive as matter of law, that the conversation was reported correctly by Louis Grace nor that the statement said to have been made by him during the course of it, that he was operating the automobile without permission, was true. Such conduct " does not amount to an estoppel." See *Proctor* v. *Old Colony Railroad, supra,* at page 254. Moreover, even if the conversation was reported correctly, it was a question of fact whether Wilson's conduct during the course of it was an admission of the truth of Louis Grace's statement of his lack of authority. *Greenfield Bank* v. *Crafts,* 2 Allen, 269, 273. *Commonwealth* v. *Harvey,* 1 Gray, 487, 489. *Proctor* v. *Old Colony Railroad, supra.*

The defendant contends that as matter of law the *prima facie* evidence that Louis Grace was authorized to use his automobile is overcome by the presumption that the defendant was innocent of violating G. L. c. 90, § 12, as amended by St. 1923, c. 464, § 5, and St. 1925, c. 201, § 1, providing that " No person shall allow a motor vehicle owned by him or under his control to be operated by any person who has no legal right so to do." This argument rests upon the assumption that at the time of the accident Louis Grace was under sixteen years of age so that he could not have been licensed to operate motor vehicles and could not have operated one legally without a license. G. L. c. 90, §§ 8, 10. But the only evidence of the age of Louis Grace was his testimony, which the jury might have disbelieved. Furthermore, even if this testimony was believed, the presumption of the defendant's innocence was not evidence to be weighed against the *prima facie* evidence that Louis Grace was operating the automobile as the agent of the defendant, acting within the scope of his authority. *Duggan* v. *Bay State Street Railway,* 230 Mass. 370, 378. *Commonwealth* v. *De Francesco,* 248 Mass. 9. *Thomes* v. *Meyer Store Inc., supra.*

2. The motion for a directed verdict on count one of the declaration in the case brought by Morris Wilson was denied rightly. This count is " to recover damages for injuries . . . to property," within the meaning of § 85A,

added to G. L. c. 231 by St. 1928, c. 317, § 1, and there was evidence that this plaintiff's automobile was damaged. The reasons for the decision of the case brought by Sophie Wilson, above set forth, are controlling.

The motion for a directed verdict on count three of this declaration, however, should have been granted. The case stated in this count — to recover the plaintiff's medical expenses incurred by reason of his wife's injuries — is not within G. L. c. 231, § 85A. In view of the construction of similar words in earlier statutes, of which the Legislature must be taken to have been cognizant, the phrase " damages for injuries to the person " must be interpreted to mean damages which are the result of a direct injury to the person of the plaintiff and not to include those which, as here, were sustained by the plaintiff in consequence of direct injury to the person of another. *Harwood* v. *Lowell,* 4 Cush. 310. *Nestor* v. *Fall River,* 183 Mass. 265. *Hey* v. *Prime,* 197 Mass. 474. *Keating* v. *Boston Elevated Railway,* 209 Mass. 278, 282. *Williams* v. *Nelson,* 228 Mass. 191, 196. *Lewis* v. *Springfield,* 261 Mass. 183, 186. And see G. L. c. 90, § 34A and 34D, as appearing in St. 1928, c. 381, § 4 and as amended by St. 1930, c. 340, §§ 1, 2. Compare, however, *M'Carthy* v. *Guild,* 12 Met. 291; *Osgood* v. *Lynn & Boston Railroad,* 130 Mass. 492; *Mulvey* v. *Boston,* 197 Mass. 178, 180. Further support for this construction of the statute is found in the fact that actions for damages " for the death of a person " are included in express terms, as would be unnecessary if the words " injuries to the person " were to be interpreted broadly. *Putnam* v. *Savage,* 244 Mass. 83. Moreover, " The statute is a complete reversal of the common law " as understood in this Commonwealth and " It cannot be presumed that such a statute was intended to go beyond the purpose manifested by its words." See *Bullard* v. *Boston Elevated Railway,* 226 Mass. 262, 267. Nor is this count for damages " for injuries . . . to property " of the plaintiff. This language does not extend to the " mere impoverishing of a man's estate generally," due to his being required to spend money. *Cutter* v. *Hamlen,* 147 Mass. 471, 472. *Keating*

v. *Boston Elevated Railway, supra.* The burden, therefore, was upon the plaintiff to prove that Louis Grace was the defendant's agent, acting within the scope of his authority.

The plaintiff's burden, under count three, of proving that Louis Grace was the agent of the defendant was not sustained. Apart from the statute, ownership of the automobile by the defendant and registration in his name as owner were not sufficient to prove the agency of the operator. *Trombley* v. *Stevens-Duryea Co., supra. Nash* v. *Lang,* 268 Mass. 407, 410. *DuBois* v. *Powdrell,* 271 Mass. 394, 397. There was no evidence that the defendant saw Louis Grace get into the automobile and drive it. Hence *Gordon* v. *Bedard,* 265 Mass. 408, 410 is distinguishable. The testimony of the defendant that, having notice of the plaintiff's claim, the next year after the accident though continuing to own the automobile he had it registered in the name of his daughter who was not licensed to operate motor vehicles, did not warrant a finding that the automobile " constituted all of the defendant's attachable property, and . . . was voluntarily conveyed to avoid an attachment by the plaintiff " thereby showing such consciousness of liability on the part of the defendant for the results of the accident as to amount to an admission thereof. See *Carroll* v. *Carroll,* 262 Mass. 10, 12. See also *Banfield* v. *Whipple,* 10 Allen, 27, 31; *Bennett* v. *Susser,* 191 Mass. 329, 331; *Portland Gas Light Co.* v. *Ruud,* 242 Mass. 272, 275.

In the case brought by Sophie Wilson the exceptions must be overruled. In the case brought by Morris Wilson the verdict on counts one and three was for $340, but it was agreed by the parties at the argument that if a verdict for the defendant ought to have been directed on the third count judgment should be entered for the plaintiff for $15. It follows that judgment must be so entered.

*So ordered.*