MARY KARPOWICZ *vs.* EDWARD J. MANASAS.

SAME *vs.* ESTHER K. SEDER.

GEORGE KARPOWICZ *vs.* EDWARD J. MANASAS.

SAME *vs.* ESTHER K. SEDER.

Worcester.    March 9, 1931. — May 25, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Negligence,* Contributory, In use of way. *Motor Vehicle,* Registration.
  *Agency,* Scope of employment. *Evidence,* Presumptions and burden of
  proof, Of registration of motor vehicle, Hospital record. *Practice,*
  *Civil,* Parties, Amendment, Ordering verdict, Exceptions.

No exception lies to the denial of a motion, made at the close of the plain-
  tiff's evidence at a trial, that a verdict be ordered for the defendant, if
  the defendant does not rest his case when he makes the motion.

At the trial of an action by a girl seventeen years of age against the driver
  of a motor vehicle for injuries sustained between 10:30 and 11 P.M. on a
  night in March on a street in a city, there was evidence that the plain-
  tiff, having looked in both directions and having seen the automobile
  driven by the defendant approaching from her right at a distance which
  she thought made it safe for her to cross, started across the street; that
  when about one third across, she suddenly heard the noise of the auto-
  mobile and thought at first she would run back because she thought
  there would be "a chance"; that she started back, taking about four
  steps; that when very close to the curb she was hit; and that she
  heard no horn but only the noise of the approaching automobile. *Held,*
  that it could not be ruled as a matter of law that negligence of the
  plaintiff contributed to cause her injury.

It *seems* that § 85A, added to G. L. c. 231 by St. 1928, c. 317, § 1, should be
  interpreted to mean that the foundation has been laid for the *prima*
  *facie* evidence to which it refers only when the fact of registration is
  proved by the evidence.

At the trial of an action for personal injuries alleged to have been caused
  by negligent driving of an automobile, the defendant admitted owner-
  ship of the automobile and that it was being driven by his employee,
  but introduced evidence that at the time of the plaintiff's injury the
  driver was not acting within the scope of his employment. There was
  no evidence that the automobile was not registered in the owner's name.
  The judge refused to order a verdict for the defendant. In a bill of
  exceptions filed by the defendant after a verdict for the plaintiff, it
  was stated that there was evidence of negligence on the part of the
  driver and that "there was no evidence that" the automobile "was
  registered in" the owner's name. *Held,* that

(1) The statement in the bill of exceptions, that there was no evidence that the automobile was registered in the name of the defendant, meant that no certificate of such registration was introduced and that no witness testified that it was so registered;

(2) On the evidence, the jury would be bound to find that the defendant's automobile was registered in her name: such registration would be established by the undisputed evidence as to ownership and as to operation upon a public way by the owner's employee, and the inference to be drawn therefrom based upon the fact that people generally obey the law and are therefore presumed to comply with the statutory requirements imposed upon them;

(3) The fact of registration being thus established, § 85A, added to G. L. c. 231 by St. 1928, c. 317, § 1, applied, and there was evidence of responsibility of the defendant for the negligence of the driver of the automobile.

At the trial of an action of tort for personal injuries, it was error prejudicial to the defendant to admit in evidence, on the question of the plaintiff's injuries, records of a hospital without any evidence to prove that the hospital was supported in whole or in part by contributions from the Commonwealth or from any town, or that it was an incorporated hospital offering treatment to patients free of charge or an incorporated hospital conducted as a public charity, although a physician who was in charge of the case at the hospital testified that the entries and records were made under his supervision and direction.

The defendant in an action of tort by a minor was described in the writ as Edward J. Manasas, otherwise known as Egnas J. Manasas. In the writ in an action brought by the minor's father over seven months later for consequential damages, the defendant was described as Egnas J. Manasas. Both writs were served at the last and usual place of abode of Edward. Previous to the trial, the plaintiff in the action by the father filed a motion amending the writ to describe the defendant as Egnas J. Manasas, otherwise known as Edward J. Manasas. This motion was allowed without objection by the defendant. The same counsel represented the defendant in both actions. At the trial Edward testified that Egnas was his father, that his father "had the summons"; that he, Edward, did not get the summons and had not seen it, but knew about it. There was no evidence that Egnas lived at the same address as did Edward. The two actions were tried together. It was apparent from the whole course of the trial that the real defendant in both actions was Edward. At the close of the defendant's argument, the plaintiff's father was allowed, subject to an exception by the defendant, to amend his writ so that it would not contain the name Egnas but only the name Edward. There was a verdict for the plaintiff.

*Held*, that

(1) The evidence would justify a finding that both writs were served by being left at the last and usual place of abode of Edward, and that he knew, notwithstanding the error in the name, that the summons was meant for him;

(2) Edward was given every opportunity to defend his rights as fully as if he had been correctly named in the writ;

(3) The last amendment was justified to correct an error in the defendant's name, and he was brought into court by process and not deprived of any of his legal rights by the amendment;

(4) The exception was overruled.

Section 85A, added to G. L. c. 231, by St. 1928, c. 317, § 1, did not apply to the action above described by the father against the owner of the automobile, and evidence at the trial of the action, that at the time of the injury to the plaintiff the driver had been at a bowling match with the automobile and was taking "the girl he was going steady with to her home and that after that he was going to meet" the husband of the defendant, was not enough to warrant a finding that at the time of the injury he was acting within the scope of his employment.

FOUR ACTIONS OF TORT, the first and second by a minor for personal injuries and the third and fourth by the father of the plaintiff in the first and second for consequential damages. Writs in the first and second actions dated June 20, 1928, and in the third and fourth dated February 4, 1929.

Proceedings relating to the name of the defendant Manasas in the third action are described in the opinion.

The actions were tried together before *Beaudreau,* J.

It appeared that the time of the accident was between 10:30 and 11 P.M.; that the plaintiff was on Cambridge Street in Worcester and had started to cross from the north to the south side of the street, and that the defendant was driving east on Cambridge Street. It was stated in the bill of exceptions: "The defendant admitted that the automobile was owned by the defendant, Esther K. Seder, but there was no evidence that it was registered in her name; that Edward J. Manasas was a chauffeur for Esther K. Seder." It was further stated "that he had been at a bowling match with this Packard automobile; that he started for his home about 11 o'clock; that at the time the accident happened, he was taking the girl he was going steady with to her home and that after that he was going to meet Mr. Seder, the husband of Esther K. Seder, at the railroad station; that his girl friend lived on Cambridge Street and he was taking her home, and that she was his girl friend."

The defendant Edward J. Manasas testified that "he

didn't get the summons; that he knew about it; that he had not seen it"; and "that his father had the summons." Other material evidence, motions and exceptions by the defendants are described in the opinion. There were verdicts for the plaintiff in each of the actions by Mary Karpowicz in the sum of $8,000, and for the plaintiff in each of the actions by George Karpowicz in the sum of $1,100. The defendants alleged exceptions.

*S. A. Seder,* (*S. Lurier* with him,) for the defendants.

*J. C. Donnelly,* for the plaintiffs.

SANDERSON, J. Two of these actions are by Mary Karpowicz, a minor seventeen years of age, to recover for injuries received on March 15, 1928, caused by the alleged negligence of the defendant Edward J. Manasas, the driver of the automobile owned by the defendant Seder. The actions of George Karpowicz are for consequential damages resulting from the injuries received by his daughter, Mary Karpowicz. The four actions, begun in 1928 and 1929, were tried together. The bill of exceptions states that there was evidence which would warrant the jury in finding that Edward J. Manasas, the operator of the automobile, was negligent. The defendant Seder admitted that the automobile involved in the accident was owned by her and that Manasas was in her employ as a chauffeur.

The plaintiff Mary Karpowicz testified, in substance, that, when about to cross the street on which she had been walking, she looked both ways and saw no automobile; that after leaving the curb she looked in one direction and saw no automobile and then looked in the other and saw the automobile in question far enough away so that she thought she could cross the street to go home; that, when about a third of the distance across, she suddenly heard the noise of the automobile and thought at first she would run back because she thought there would be "a chance" and she started back, taking about four steps, and when very close to the curb she was hit; she heard no horn but only the noise of the approaching automobile. The evidence tended to prove that the accident occurred close to

the curbing on the left side of the street in the direction in which the automobile was being driven.

At the close of the plaintiffs' evidence the defendant Seder rested in the case of Mary Karpowicz and presented a motion for a directed verdict in that case. Her exception was saved to the denial of this motion. She also presented a similar motion in the case of George Karpowicz but apparently without resting. She gained no rights by the denial of the latter motion. *Goodell* v. *Sviokcla*, 262 Mass. 317, 318. The record states that the "defendants, Edward J. Manasas and Egnas J. Manasas, continued by evidence being presented on their behalf." At the close of all the evidence a motion for a directed verdict was made in each case where Manasas was named as defendant, and each motion was denied subject to the exception of the defendant. The motion for a directed verdict in the case of George Karpowicz against Seder was not renewed at the close of the evidence.

The motions for directed verdicts in so far as they were based upon the contention that no recovery can be had because the injured plaintiff was not in the exercise of due care must be overruled. Upon her own statement of the occurrence the question whether the defendants had maintained the burden of proving her contributory negligence was for the jury. *O'Connell* v. *McKeown*, 270 Mass. 432, 435.

One of the principal contentions of the defendant Seder seems to be that § 85A added to G. L. c. 231 by St. 1928, c. 317, § 1, does not apply in either case against her, because in that of Mary Karpowicz there was no evidence that the automobile was registered in her name, and in the case of George Karpowicz the action is for consequential damages. In *Wilson* v. *Grace*, 273 Mass. 146, this court decided that an action for consequential damages does not come within the terms of the statute. The plaintiff George Karpowicz concedes that in his case against Seder the trial judge erred in ruling that because of this statute the burden was on the defendant to prove that the automobile was not being operated at the time of the accident by a person for whose acts she was legally responsible.

The terms of the statute in so far as material are: "In all actions to recover damages for injuries to the person . . . arising out of an accident or collision in which a motor vehicle was involved, evidence that at the time of such accident or collision it was registered in the name of the defendant as owner shall be *prima facie* evidence that it was then being operated by and under the control of a person for whose conduct the defendant was legally responsible, and absence of such responsibility shall be an affirmative defence to be set up in the answer and proved by the defendant." We interpret the statement in the bill of exceptions that there was no evidence that the automobile was registered in the name of Esther K. Seder to mean that no certificate of such registration was introduced and that no witness testified that it was so registered. The statute could hardly be interpreted to mean that, when evidence not believed by the fact finding tribunal is introduced, the foundation has been laid for the *prima facie* evidence to which the statute refers. The *prima facie* evidence rule would seem to be applicable only when the fact of registration is proved by the evidence. In *Thomes* v. *Meyer Store Inc.* 268 Mass. 587, the court said, at page 589, that the statute required the inference of the one fact from the proof of the others, and that the statute in the cases described makes registration of the motor vehicle in the name of the defendant as owner *prima facie* evidence of the further fact, and that "It is to be observed that the effect of this statute is to create certain specified facts when proved as *prima facie* evidence of a further important fact." In *Wilson* v. *Grace*, 273 Mass. 146, the court used this language at page 151: "It merely, as a matter of trial procedure . . . makes the fact that the automobile 'was registered in the name of the defendant as owner' *prima facie* evidence." In the case last cited the fact of registration was established by agreement of parties, not by the introduction of evidence. The statute requires motor vehicles to be registered in the name of the owner. G. L. c. 90, § 2. There was no evidence tending to prove that Mrs. Seder's motor vehicle was not

properly registered. In this state of the evidence the
jury would be bound to find in the case of Mary Karpo-
wicz against Seder that the automobile was registered in
the owner's name. *Trombley* v. *Stevens-Duryea Co.* 206
Mass. 516, 518. Such registration would be established by
the undisputed evidence as to ownership and as to opera-
tion upon a public way by the owner's chauffeur, and the
inference to be drawn therefrom based upon the fact that
people generally obey the law and are therefore presumed
to comply with the statutory requirements imposed upon
them. The fact of registration being thus established, the
statute is applicable. *Doherty* v. *Ayer*, 197 Mass. 241, 248.
*Trombley* v. *Stevens-Duryea Co.*, *supra*. *Jubilee Yacht Club*
v. *Gulf Refining Co.* 245 Mass. 60, 62. The absence of re-
sponsibility on the part of the defendant Seder for the
acts of her chauffeur would therefore by virtue of the
statute become a matter of affirmative defence. *Thomes*
v. *Meyer Store Inc.*, *supra*. *Wilson* v. *Grace*, *supra*. The
exception to the part of the charge in which the judge re-
ferred to the statute must be overruled in so far as the case
of Mary Karpowicz against Seder is concerned, and the
verdict could not have been directed in the defendant's
favor in that case.

The records of St. Vincent Hospital were introduced
without any evidence to prove that the hospital was sup-
ported in whole or in part by contributions from the Com-
monwealth or from any town, or that it was an incorporated
hospital offering treatment to patients free of charge or an
incorporated hospital conducted as a public charity. In the
absence of such evidence tending to bring the hospital
within any of the designated classifications, the records
were not admissible. G. L. c. 233, § 79; c. 111, § 70.
*Delaney* v. *Framingham Gas, Fuel & Power Co.* 202 Mass.
359, 365. *Clark* v. *Beacon Oil Co.* 271 Mass. 27, 29. *Sulli-
van* v. *Morse*, 271 Mass. 501, 503. The testimony of a
doctor that he was in charge of the case at the hospital
and that the entries and records were made under his
supervision and direction did not make them competent
evidence. The nature of the treatment of Mary Karpo-

wicz and her medical history were shown in these records, and among the items for which George Karpowicz sought to recover was a bill of this hospital and a charge for medical treatment by a physician while his daughter was there. We cannot say that the substantial rights of the defendants were not injuriously affected by this error in the admission of evidence and the exception to its admission must be sustained.

In the action of Mary Karpowicz against Edward J. Manasas the defendant was described in the writ as "Edward J. Manasas, otherwise known as Egnas J. Manasas." When Edward J. Manasas was on the stand he admitted that he was the defendant in that case, but the contention is made in his behalf that he is not the defendant in the action by George Karpowicz in which the name of the defendant in the writ is stated to be Egnas J. Manasas. The only testimony to prove Egnas J. Manasas to be a person other than Edward J. Manasas was that of Edward J. Manasas who testified that Egnas J. Manasas was his father. Each writ was shown by the return to have been served by leaving a summons at the defendant's last and usual place of abode, 155 Vernon Street, Worcester. *Jones* v. *Walker*, 15 Gray, 353. *Joyce* v. *Thompson*, 230 Mass. 254. Edward J. Manasas testified that his home was at that number. No evidence was offered to prove that a man by the name of Egnas J. Manasas made his home at the same place. On September 9, 1930, a motion to amend the writ was filed in the case of George Karpowicz against Egnas J. Manasas by adding after that name the words "otherwise known as Edward J. Manasas," and this motion was allowed without objection on November 18, 1930. In the same case, on November 20, 1930, at the close of the defendant's argument, a motion was allowed, subject to the defendant's exception, amending the writ and declaration by striking out the name Egnas J. Manasas and leaving only the name of Edward J. Manasas as the defendant in the case. In this action the plaintiff was seeking consequential damages because of the injury to his daughter caused by the automobile driven by Edward J. Manasas.

No one else by the name of Manasas so far as the evidence disclosed had anything to do with the accident. Edward J. Manasas appeared in the case by counsel and the same counsel appeared in the case in which Egnas J. Manasas was named as defendant. It is apparent from the whole course of the trial that the real defendant in this action for consequential damages, as in one of the actions for personal injuries, was Edward J. Manasas. The evidence would justify a finding that both writs were served by being left at the last and usual place of abode of Edward J. Manasas; that he knew, notwithstanding the error in the name, that the summons was meant for him. Edward J. Manasas admittedly was represented by counsel in the action for personal injuries. His liability for the accident was contested. He has been given every opportunity to defend his rights as fully as if he had been correctly named in the writ. He made no objection to being described in the first writ as "otherwise known as Egnas J. Manasas," nor to the amendment apparently made before or during the trial adding his name in a similar way as an alias in the case in which Egnas J. Manasas had been named in the writ. In all of the circumstances we think that the last amendment was justified to correct an error in the defendant's name and that he has been brought into court by process and not deprived of any of his legal rights by the amendment. *Dindio* v. *Meshaka, ante,* 112. *Liddell* v. *Middlesex Motor Co., ante,* 346, 352–353. *Grannis* v. *Ordean,* 234 U. S. 385, 394, 395. The case is distinguishable from *Cohen* v. *Levy,* 221 Mass. 336. The exception to the allowance of the motion to amend must be overruled.

In the case of George Karpowicz against Seder, the plaintiff was not entitled to the benefit of § 85A added to G. L. c. 231 by St. 1928, c. 317, and apart from that statute the evidence would not justify a finding that Manasas at the time of the accident was acting within the scope of his employment by the defendant. "The law of Massachusetts is well settled that proof that the driver of a motor vehicle was in the general employ of the defendant at the moment of the accident, and that the defendant was

owner of the vehicle, is not enough to prove that the driver was then acting within the scope of his employment." *Washburn* v. *R. F. Owens Co.* 252 Mass. 47, 53. The additional fact that he was going to meet the husband of his employer would not be enough to prove that he was so acting. *Fleischner* v. *Durgin,* 207 Mass. 435. *Hartnett* v. *Gryzmish,* 218 Mass. 258, 261, 262. *Vallavanti* v. *Armour & Co.* 260 Mass. 417. *Kwedares* v. *Knoel,* 261 Mass. 91.

In the case of George Karpowicz against Seder the exception to the part of the charge in which the judge said, in substance, that there was evidence that Manasas was acting within the scope of his employment for the defendant at the time of the accident must be sustained. Because of the sustaining of this exception and of the exception to the admission of the hospital records, other exceptions need not be considered. The questions raised by them are not likely to be presented in the same way at another trial. In each case the entry must be

*Exceptions sustained.*